No. 11,410.

BLANCHARD v. JONES.

INSTRUCTIONS TO JURY.—*Supreme Court.*—If instructions given to the jury,
taken as a whole, express the law applicable to the case without material contradiction, the judgment will not be reversed because some one
instruction, if considered by itself, is capable of an application which
would ignore a material question involved in the issues.

SAME.—*Erroneous Instructions Given on Request of Appellant.*—An appellant
can not complain in the Supreme Court of an inconsistency in instructions caused by the giving of instructions, asked by himself, which present a theory different from that contained in other instructions given,
which state the law correctly.

PRINCIPAL AND AGENT.—*Real Estate Agent Bound to Disclose Offers.*—*Principal Entitled to Price, Agent to Commission Only.*—An owner of real estate
appointed an agent to sell it, at not less than a certain price, agreeing

that if during a certain period the agent would furnish a buyer at such price, he should be paid by said owner a certain per cent. commission on the amount for which the property should be sold. The agent sold for a better price. In a suit by the principal against the agent, to recover a portion of the price retained by the agent in addition to such commission,

*Held,* that if said agent, acting under such appointment, received a more advantageous offer than he was so authorized to accept, it was his duty to communicate the offer so received to his principal, and not to purposely conceal it from him; and that if, so acting as agent, he effected a better trade than he was so authorized to make, said owner was entitled to the benefit of the trade, and was bound to the agent only for his commission, and not for any surplus of the price received above the amount which the agent was so authorized to accept.

From the Vigo Circuit Court.

*S. C. Davis, S. B. Davis, M. G. Rhoads* and *J. C. Sawyer,* for appellant.

*C. F. McNutt, I. H. C. Royse, J. G. McNutt* and *J. Jump,* for appellee.

BLACK, C.—The appellee, Caroline E. Jones, sued the appellant, the complaint being in three paragraphs. In the first paragraph she showed that on the 30th of January, 1882, she appointed and employed the defendant as her agent to sell a certain farm then belonging to her, described, in Vigo county, said appointment being evidenced by a written instrument set out, by the terms of which William A. Jones, husband of the plaintiff, for her appointed the defendant as agent to sell said land "at not less than $14,000, on the following terms: $5,000 down, $3,000 in one year, at six per cent. interest, and $6,000 in four years from December 18th, 1881, at seven per cent. annual interest; the same to remain in his hands for twelve months, and thereafter until withdrawn at my written request. If he furnishes me a buyer for said land at the price above stated during said period, then I agree to pay him two and one-half per cent. commission on the amount for which said property is sold." Other provisions of the instrument need not be set out.

It was alleged that in April, 1882, the defendant, under said contract, effected a bargain and contract of sale of said land to one John C. Johnson for $14,000, with the right in the plaintiff to occupy the farm till March, 1883, and to keep part of the crops of 1882, said sum to be paid in cash; that, in pursuance of said bargain and sale, the plaintiff and her husband conveyed said farm to said Johnson by warranty deed delivered to him through the defendant, to whom as such agent said Johnson paid said sum of $14,000 in cash; that on the 1st of May, 1882, the defendant delivered $12,600 of said purchase-money to the plaintiff, and with intent to cheat and defraud her falsely and fraudulently represented that he had not received, and was not to receive, from said Johnson any greater sum than $12,600 and his commission of two and one-half per cent., and, with such intent, fraudulently concealed from her the fact that he had sold the farm for and received $14,000; that the plaintiff, relying upon his honesty and truthfulness, and believing his representations, and being ignorant of the fact that he had received $14,000, accepted said sum of $12,600; that the defendant, without right, had converted to his own use $1,050 of the money so received by him, and though she had demanded the sum of him he had refused to pay over the same to her.

The second paragraph charged that the defendant was indebted to the plaintiff in the sum of $1,400 for money had and received by him to her use on a sale of real estate made by him for her to said Johnson in 1882, and which the defendant wrongfully retained and fraudulently converted to his own use.

The third paragraph showed said written appointment, on the 30th of January, 1882, of the defendant, who, it was alleged, was engaged in the business of buying and selling real estate on commission; that on the 19th of April, 1882, the defendant, as the plaintiff's agent, contracted a sale of said farm to said Johnson upon terms set forth, being the same as stated in the first paragraph; that thereafter the defendant,

with intent to defraud the plaintiff, by false and fraudulent representations made by him to her, stated with particularity, induced her to consent to sell and convey said farm to said Johnson for $12,600 cash and a portion of the crops for 1882, and the defendant's commission of two and one-half per cent., and to sign and acknowledge, and through the defendant to deliver, a warranty deed for said farm to said Johnson, who paid the defendant said sum of $14,000, and agreed to such retention of a part of the crops; that the defendant, fraudulently concealing from the plaintiff the fact that he had received $14,000, falsely represented to her, with intent to defraud her, that said sum of $12,600 and two and one-half per cent. commission was all the money that he had been able to get from said Johnson for the farm; that she, believing his representations, and being ignorant of the fact that he had received said sum of $14,000, accepted said sum of $12,600; that in June, 1882, she learned of said fraud, and demanded of the defendant the remainder of her money, $1,050, and he refused to pay over the same.

The defendant answered in three paragraphs, the first being the general denial.

The second paragraph was directed to the first and third paragraphs of the complaint, and alleged, in substance, that the defendant, pursuant to the written authority referred to in the complaint, tried to effect a sale to said Johnson but could not secure from him a definite offer; that Johnson contended that $14,000 was too great a price, and would make no terms except upon a cash basis, and would not and did not offer any definite price; that while it was uncertain as to what Johnson would give, defendant represented to the plaintiff that the sale to Johnson was in doubt on the terms of said appointment, but that he might agree to pay $12,600 cash and allow her to keep two-thirds of the crops for 1882, and that perhaps enough more could be obtained from him to pay the defendant for his trouble and expense; that the

plaintiff and her husband finally agreed with the defendant that they would sell to Johnson for $12,600 in cash and retain the farm for the season of 1882, paying Johnson one-third of the crops, if the defendant would not charge them any commission, but would look to Johnson for payment by getting him to advance the price above that amount, the defendant to take for his pay whatever amount Johnson would give for the land above $12,600 and said use of the farm; that thereupon the plaintiff and her husband executed a written instrument, set out. In this the plaintiff agreed to sell her said farm to said Johnson for $12,600 cash and the privilege of using the farm till March 1st, 1883, she to give the purchaser one-third of the wheat and corn growing or to be grown on the place, and she to have all other products of the farm and the rent of a tenant house on the place, the purchaser to pay the November instalment of taxes on the land, and she to pay insurance for his benefit on the house in which she lived, until March 1st, 1883, and to furnish a complete abstract of title, and a warranty deed was to be made to Johnson as soon as said consideration was given; this contract to be void unless complied with by Johnson within five days.

In this writing nothing was said about the defendant's compensation, and it was alleged in the pleading that the terms of the agreement in relation thereto were not reduced to writing, but were left in parol. It was alleged that this agreement was delivered to the defendant with a deed executed by the plaintiff and her husband conveying said real estate to said Johnson, the consideration being therein expressed as $14,000, it being expressly understood that if the defendant could secure such use of the farm and more than $12,600 he was to retain the surplus over that amount as commission or compensation, and that if he could not obtain any greater price, he was to receive no pay from the plaintiff; that he did effect a sale to Johnson within five days, for $14,000, with privilege to the plaintiff to retain the use of the

farm as aforesaid; that he delivered the deed to Johnson and received from him $14,000 in cash, of which amount he paid the plaintiff $12,600, and he retained the balance, $1,400 for his compensation; and he denied all allegations of fraud in said paragraphs of the complaint.

In the third paragraph of answer, also addressed to the first and third paragraphs of the complaint, the defendant alleged, in effect, that it was agreed between the plaintiff and the defendant that the latter's employment under said appointment of January 30th, 1882, should be cancelled and no longer binding on either of the parties thereto; that afterward the plaintiff and the defendant made a parol agreement stated, being the same as alleged in the second paragraph of answer, and that the plaintiff executed a written memorandum, made an exhibit, being the written offer to sell to Johnson set forth in said second paragraph; that the defendant made the sale to Johnson, under the agreement last mentioned, and fully accounted to her for the purchase-money to be received by her, and paid the same to her and fully complied with the terms of said parol agreement; and the defendant denied having deceived or defrauded the plaintiff.

The plaintiff replied to the second and third paragraphs of answer, first by general denial, and second by alleging, in substance, that no change was made in the contract set forth in the complaint, as alleged in the answer, nor was his employment thereunder ever cancelled or withdrawn by her, as alleged in the answer, though she urged and insisted that the defendant should sell for more than $14,000, if it could be done; that while matters were in this shape the defendant contracted and agreed on a sale of said farm with said Johnson, for more than $14,000, in this, that it was agreed that in addition to said sum the plaintiff should have for said farm the right to use and occupy it until March, 1883, and should have all the fruits, all of a portion of the crops, and two-thirds of the remainder thereof for the year 1882, Johnson insisting, however, that he would pay all said sum of

$14,000 in cash, instead of a part down and a part on time, the defendant agreeing for the plaintiff that she would accept such whole sum in cash, as she had often told him she would do, if the defendant should find a cash buyer; that soon after the defendant had so made such contract with Johnson, the former called upon the plaintiff and her husband, and, in order to defraud her, falsely and fraudulently represented that he had made great efforts to sell said farm, and had been unable to find a purchaser for $14,000; that it could not be sold at that amount; that he had a man in view, said Johnson; that though he would not give $14,000 for the farm, defendant thought that, through an influence he could bring to bear, he could induce said Johnson to give $12,600 in cash and the right to the plaintiff to occupy the farm till March, 1883, and to have all of the fruits, all of a part of the crops, and two-thirds of the other crops raised in 1882; that defendant expressed himself as doubtful whether Johnson could be induced to do so much, and said that if the plaintiff concluded to accept such terms, the sale should be closed at once, as one of Johnson's daughters and others were opposing his buying the farm, and that, in order to show said Johnson that defendant had authority to accept such an offer and to close up such sale, it was necessary for the plaintiff and her husband to execute a paper stating that they would sell the farm for such consideration, and to make and acknowledge a deed to said Johnson for the farm, and place it in the defendant's hands to be delivered on said Johnson's paying said sum of $12,600. It was further alleged that the plaintiff, relying upon and believing all the defendant's said statements, and having confidence in him as her agent, she and her husband executed the paper such as the defendant wished them to execute, being said paper referred to and exhibited with the answer, and signed and acknowledged and placed in the defendant's hands a warranty deed for said farm to said Johnson; that a day or two thereafter the defendant returned, and falsely and fraudulently represented to her that Johnson

Blanchard *v.* Jones.

would only give said $12,600 and the use of the farm, the fruit, and part of the crops, as he had before stated, and that he, the defendant, had accepted such offer, only in addition thereto inducing said Johnson to pay his commission of $350; that the defendant paid to her in cash $12,600, and she, relying upon his honesty and believing his representations true, accepted said sum without objection; that said paper so filed with said two paragraphs of answer, and the making of said deed, and the acceptance of said sum of $12,600, were procured by the fraud and false representations of the defendant.

A demurrer to the second paragraph of reply was overruled.

There was a trial by jury, the verdict being for the plaintiff, her damages being assessed at $1,050. A motion for a new trial was made by the defendant, and was overruled, and judgment was rendered on the verdict.

The appellant's counsel contend that while the second paragraph of the reply may be good as to the second paragraph of answer, it is not sufficient to meet all the material allegations of the third paragraph of answer; that it failed to deny the alleged abrogation of the original contract of January 30th, 1882, and failed to deny or refer to the "parol" contract set up in the third paragraph of answer, under which the defendant claimed therein to have made the sale; that the showing of fraud in the reply applies by express reference to the written contract of April, being said written offer to sell to Johnson. It is therefore insisted that the reply being bad as to one of the paragraphs of answer to which it was directed, it must be held bad on demurrer. But the reply is not susceptible of such construction. It was alleged therein that no change was ever made in the contract of January 30th, 1882, as alleged in said paragraphs of answer, and that the defendant's employment by the plaintiff to sell said farm was never cancelled or withdrawn by her as alleged in said paragraphs of answer; and the contract of April alleged in answer was not shown by either paragraph of the answer to be

wholly oral or wholly written, but the allegations relating to it were substantially to the same effect in both of the paragraphs to which the reply was addressed, it being alleged in both to have been written except so far as it related to the compensation of the defendant; and the reply sufficiently responded to all that was alleged in either paragraph in regard to the transaction of April, as a part of which the memorandum was executed, and showed that transaction to be fraudulent on the part of the defendant. No other objection is suggested against the reply, and we find no error in the overruling of the demurrer thereto.

Counsel have discussed certain instructions given to the jury, others asked by the appellant and refused, and others asked by him and given with modifications.

We do not find it necessary to take space to set out these instructions. The objections of counsel to the action of the court may be disposed of by saying: *First.* That if instructions given to the jury, taken as a whole, express the law applicable to the case, without material contradiction, the judgment will not be reversed because some one instruction, if considered by itself, might be capable of an application which would ignore a material question involved in the issues. *Second.* That an appellant can not complain of an inconsistency in the instructions to the jury caused by the giving of instructions asked by himself, which present a theory different from that contained in other instructions given which correctly state the law, he, in such case, being himself responsible for the inconsistency. *Third.* That, looking to the terms of the written appointment of January 30th, 1882, if the defendant, acting under said appointment as the plaintiff's agent, received from Johnson an offer for the farm more advantageous to the plaintiff than that which the defendant was authorized by that appointment to accept, it was his duty to communicate such offer to the plaintiff, and not to purposely conceal it from her; and if, so acting as her agent, he effected a better trade than that which he was authorized by said ap-

pointment to make, the plaintiff was entitled to the benefit of such trade, and she was under obligation to the defendant only for his commission.

There were some contradictions in the evidence, but taking it as a whole, it is difficult to see how the jury could have found otherwise than for the plaintiff. Even the testimony of the defendant himself showed double-dealing and the deceitful concealment from his principal of facts which common honesty required him to disclose to her. Manifestly, the verdict was based upon such a view of the evidence that errors in instructions, if there were such, would not justify us in disturbing the result reached.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed March 12, 1885 ; petition for a rehearing overruled May 14, 1885.