[No. 496.   Decided August 12, 1892.]

F. O. CHEZUM, *Appellant*, v. N. KREIGHBAUM, *Respondent*.

SALE OF REAL ESTATE—CONSTRUCTION OF CONTRACT—AGENCY.

A contract giving a person "the exclusive sale of my land for sixty days, . . . . for $6,000," and providing that he "must get his commission above that," simply confers upon him the exclusive agency for the sale of said property, and does not entitle him to an option authorizing him to demand and receive a deed to himself. (DUNBAR, J., dissents.)

*Appeal from Superior Court, King County.*

*Tripp, Town, Likens & Dillon,* for appellant.

*Preston, Carr & Preston,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—Respondent executed and delivered to appellant a contract in writing in the words and figures as follows, to wit:

"Nov. 29, 1889.  Slaughter.
This is to certify tha that I have this day Given E. O. Chezum the exclusive sale of my lande for 60 days—E $\frac{1}{2}$ of SE $\frac{1}{4}$ an South W $\frac{1}{4}$ of SE $\frac{1}{4}$ Sec. 17 town 22 No. R 4 E to be solde for $6000., tow $2000, chash $2000.   Interest semiannually one yeare and 2000 two years, and said Chezum must git his comition above that.   I hereby reserve 10 acres to be selected by me of the forty next the beche.                        N. Kreighbaum."

And the only question presented for our consideration on this appeal is as to the proper construction of said contract.   Appellant contends that, by virtue thereof, he became entitled to an option which authorized him at any time within sixty days after the execution of said contract to demand and receive from the respondent a deed to himself, or any person named by him, of the premises described therein on payment being made and security given as therein provided.   He further contends that the respondent had no interest in any negotiations as between him and any other parties relating to said premises.   On the other hand it is contended by respondent that, by said instrument in writing, he simply constituted appellant his agent to make sale of the property in question upon the terms therein stated, and that in any negotiations which he had in relation thereto, he acted simply as the agent of the respondent, and was entitled out of any moneys he might realize over the sum of six thousand dollars, provided for

in the contract, to his reasonable commission as full compensation for his services in the matter.

If the contract is to be construed as contended for by respondent, then it is clear that the appellant, under the pleadings in this action, and the facts established at the trial is not entitled to recover, and the action of the court below in sustaining the motion of the respondent for a judgment of non-suit must be sustained. If, however, the contract is to be construed as contended for by appellant, it will be necessary for us to enter upon a consideration of other questions presented by the record which it is claimed on the part of the respondent would establish the nullity of said contract, even although it be construed as contended for by appellant. There are no words used in said contract which in terms purport to give to the appellant any option to purchase the property therein described, nor are we able to gather from the whole instrument any such intent. On the other hand there are apt words used to constitute the appellant the agent of the respondent in dealing with said property. He is to have "the exclusive sale of my land for sixty days." These are the only words which tend in any manner to show the nature of the appellant's interest in said contract. The remainder thereof relates entirely to the conditions upon which, as such agent, respondent authorizes him to deal with the property. Construing the whole instrument together, and giving to each word therein used its full and ordinary interpretation, it simply confers upon the appellant the exclusive agency for the sale of the said property for the period of sixty days, at a price not less than six thousand dollars. And the only expression out of the ordinary is the clause which provides that his commission, if any he is to have, must be made out of the moneys realized upon such sale over and above said sum of six thousand dollars. It is nothing more than the ordinary contract for exclusive agency for the sale of property in

which the price for which it is to be sold is to be a net price. That an agent authorized sell property at a sum not less than a certain amount which is to be net to the seller acts in making the sale thereunder as the agent of the seller, and not as principal, seems to us clear. The owner of the property has fixed in his own mind the least sum which he is willing to take, and he therefore contracts with the agent that, in acting for him, he must have that sum in view as coming net to him. But it does not at all follow that the agent acting under such power is entitled to other benefit of the good bargain which he may make for the owner, than that thereby his commission or other compensation under the contract may be increased. That such a contract, when it shows upon its face that an agency is created thereby, must be construed as above, is too clear to require the citation of authorities. If the party acts simply as agent, then his principal must get the benefit of his good bargain. And the fact that the conditions upon which he is forced to make the sale, provide for a net instead of a gross amount to the owner can have no influence in changing the character of the relation established by the contract. Courts are inclined to construe a contract of this kind to be that of agency rather than a simple option on the part of the person acting thereunder. And however strong the language used by the owner may be, yet if there is anything in connection with the contract which shows an intent to create an agency rather than to make a sale of the property, the person acting thereunder will not be allowed to get any benefit therefrom other than such compensation as may be awarded to him by the contract.

In the case of *Turnley v. Micheal* (Tex., App. Mar. 4, 1891), 15 S. W. Rep. 912, the language of the owner was, " I will take $7,500 net to me." Under the authority thereof a sale was made for the sum of $8,000. It was claimed on the part of the person who acted under said contract that

he was entitled to the $500 received over and above the net price which the owner had said he would take, but the court held otherwise and adjudged that the $500 thus received was as much the property of the owner of the land as any part of the $7,500; that the owner was entitled to receive the entire $8,000, and that the person, acting under said contract had a claim against such owner for a reasonable commission on such sale. This case is directly in point, and if followed is decisive of the question under consideration. The contract therein construed much better warranted the contention of the person claiming adversely to such decision than does the one here authorize the contention of appellant. There, there was a definite statement that the owner would take a certain net sum, and it was not coupled with any condition as to the agent being authorized to sell for that sum. Here the agent is directly authorized to sell the property, and a certain net sum is fixed upon as a part of the condition under which he is authorized to make the sale. The cases of *Kramer v. Winslow*, 130 Pa. St. 484, 17 Am. St. Rep. 782, and *Blanchard v. Jones*, 101 Ind. 542, though not so directly in point as the one above cited, tend strongly to establish the doctrine contended for by respondent.

On the other side there has not been a single case called to our attention which seems to us in point upon the precise question which we are here called upon to decide. In our opinion the appellant, when acting under the power conferred by said written instrument, acted not for himself as principal, but simply as the agent of the respondent, and such being the case, as we have seen, he could not under the circumstances disclosed recover any compensation.

The judgment of the court below must be affirmed.

ANDERS, C. J., and SCOTT and STILES, JJ., concur.

DUNBAR, J. (*dissenting*).—I dissent.   I do not think any of the cases cited by respondent are in point.   Here are two persons legally competent to contract, and the contract is one they had a right to make.   If the respondent had seen fit to do so, he might have contracted that he would pay ten thousand dollars, or any sum, to sell his land for the sum of six thousand dollars, and the law would enforce the payment of the price agreed to be paid if appellant had sold the land.   The law will leave the parties to make their own contracts, and after they are made it will enforce them.   This is not so much a question of agency as a question of employment.   Nor is it true that as between the contracting parties the sale is made for the benefit of the landowner.   The sale, if made, is made for the mutual benefit of both.   This is not a written contract for the sale of land where the agent gets a commission on the amount of money obtained.   The owner here has seen fit to make a contract with special provisions in his own interest.   He said, in substance, to the agent, if you will sell this land within sixty days you can have for your services all you can get for it over six thousand dollars, be that much or little.   And he should be compelled to do what he agreed to do.   This employment was taken on the doctrine of chances.   No matter how much labor or money might have been expended by the appellant in an effort to sell the land, if he had failed to make the sale he could have recovered nothing.   Respondent had protected himself by his contract, and he ought not to complain if the chances turned to the benefit of the appellant.