[S. F. No. 538. In Bank.—April 8, 1898.]

HENRY FORD, Respondent, v. MARGARET BROWN et al., Appellants.

BROKERS—FINDING PROPOSED PURCHASER OF REALTY—COMMISSIONS—CHANGE OF TERMS.—Where brokers were employed to find a purchaser and effect a sale of real estate for a specified sum or any less sum thereafter fixed by the owner, and were to receive a specified commission of five hundred dollars when the property was sold or a purchaser found, and the brokers found no purchaser for the specified sum, but finally found one ready and willing to pay two hundred and fifty dollars less, and contracted a sale for that price, but informed the owner that the price bid was five hundred dollars less, whereupon the owner ratified the sale on condition of receiving a net sum two hundred dollars less than the reported bid, but the· purchaser finally declined to purchase on account of a defect in the title, such proposed sale cannot be deemed to have been made under the old contract, but must be deemed made under the new contract proposed in the ratification, and though under such new contract the brokers might have retained as commission upon the sale any amount realized in excess of such net sum, if the sale had been consummated, yet they cannot recover the sum of four hundred and fifty dollars for finding the proposed purchaser, but only the sum of two hundred dollars difference between such net price and the bid reported to the owner, which is all the owner can be held to have agreed to pay for finding a purchaser ready and willing to buy, but who does not do so because of failure of title.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. · J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Crandall & Ball, for Appellants.

Reinstein & Eisner, for Respondent.

TEMPLE, J.—This action is brought to recover commissions upon a sale of real estate made by brokers. Umbsen & Co. were

employed by defendant, Margaret Brown, to sell certain real estate belonging to her. This contract of employment is dated February 5, 1890, and gave the brokers authority to sell the real estate "for the sum of $15,500, or any less sum hereafter fixed by me, their employment to continue for ninety days from date, and thereafter until notified by me in writing. I agree to pay them $500 of purchase price when property is sold, or a purchaser found." In March, 1891, the brokers found a purchaser for the property who was ready, able, and willing to pay $15,250 therefor, and entered into a contract of sale with this purchaser for that sum. Thereupon Mrs. Brown, defendant, gave the following writing to the brokers: "San Francisco, March, 10, 1891. I hereby ratify sale of my lot this day made by G. H. Umbsen & Co., for the sum of $14,800 net to me." It does not appear that the sale was ever consummated and the purchase price paid. The plaintiff, as assignee of the brokers, brought this action to recover the sum of $450:

Conceding that the sale was made under the written contract of employment, and was only modified as to the compensation of the brokers by parol, still plaintiff could only recover $200, for defendant approved the sale upon being informed by the broker that the offer she was induced to accept was for $15,000. Therefore, although the brokers could have retained all over $14,800 had the sale been consummated, still she cannot be held to have agreed to pay more than $200 for finding a purchaser, able and willing to buy, but who does not because of failure of title. The sale was unauthorized until ratified by her, and until such ratification the brokers were entitled to no compensation, for that was the contract. The supposed ratification was made in the absence of material information, to wit, that in the event that a purchaser was found and the sale fell through because of a defect of title, her liability to the brokers might exceed $200. Her liability might as well have been $5,000 as $500 under the supposed contract.

But the sale was not made under the old contract. The terms of the employment were entirely different. Under the first the brokers were employed to find a purchaser for $15,500; under the last, to sell land at any price, so they gave her $14,800 net. She did not agree to pay them anything for their services. On

the contrary, the brokers were in effect told that she would not pay them, but they must get their pay from the purchaser. If only the contract of employment need be in writing, that would not affect the question as to whether the new contract was substituted for the old. The contract as to compensation is a most essential part of the contract of employment, and is always present in it either expressly or impliedly. When not expressed, it is an agreement to pay what the service is worth. Under the contract last made it would follow that the brokers were entitled to no compensation, unless the sale was perfected and purchase money exceeding $14,800 was received.

The judgment and order are reversed.

Harrison, J., Garoutte, J., McFarland, J., and Henshaw, J., concurred.