Argued December 16, 1908, decided January 19, rehearing denied April 27, 1909

## METSCHAN v. SWENSSON.

[99 Pac. 277.]

BROKERS—RECEIPT OF MONEY—DUTY TO ACCOUNT FOR.

1. Any money received by a broker, employed to sell land from a purchaser, belonged to the principal, since an agent will not be permitted to derive profit from the subject-matter beyond his lawful compensation.

BROKERS—CONTRACTS—NATURE.

2. A contract respecting land purchased by plaintiff through defendant, providing that plaintiff should retain $1,000 of the purchase price for six months, during which time defendant was authorized to sell for $16,000, that if he so sold, plaintiff should pay over the $1,000, otherwise it should be forfeited, and that, if defendant sold the land for more than $16,000, he should receive a commission in addition, merely constituted defendant agent to sell the land, and did not give him an option or interest in the land which he could dispose of for his own benefit.

From Multnomah: ALFRED F. SEARS, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by Phil Metschan against A. F. Swensson, to recover money. It is alleged in the amended complaint that on the 14th of October, 1905, plaintiff purchased lots 6 and 7, in block 59, Couch's addition to the City of Portland, through the defendant, and with reference thereto plaintiff made and entered into a written agreement with defendant, to wit:

"Portland, Oregon, Oct. 14, 1905.

"Received of Phil Metschan, five hundred ($500.00) dollars, the same being part purchase money for lots six (6) and seven (7), block fifty-nine (59), in Couch's addition to the City of Portland, Multnomah County, Oregon (purchase price being fifteen thousand ($15,-000) dollars, balance purchase money fourteen thousand five hundred ($14,500) dollars, to be paid as follows: six thousand five hundred ($6,500) dollars, cash, upon delivery of warranty deed with abstract of title up to date of transfer showing the property in question to be clear of incumbrance, seven thousand ($7,000) dollars in three years from the date of transfer, with interest at the rate of six (6) per cent per annum, payable quarterly. One thousand ($1,000) dollars to be retained by the purchaser for a period of six months from date of transfer, during which time I, A. F. Swensson, am authorized to hold the said described property for sale at the price of sixteen thousand ($16,000) dollars net, and in case I, A. F. Swensson, shall succeed in selling said property at the rate stated, during the time specified, the said Phil Metschan agrees to pay the one thousand ($1,000) dollars so retained, to me. If the property will be sold for more than sixteen thousand ($16,-000) dollars, Phil Metschan agrees to pay two and one-

half (2½⁄) per cent on the purchase price, also the one thousand ($1,000) dollars. It is understood between Phil Metschan and the undersigned, A. F. Swensson, that a certain receipt signed by the said A. F. Swensson (dated this day) for five hundred ($500) dollars as part purchase money for the property herein described, is hereby declared null and void. It is understood between the parties hereto that should the said A. F. Swensson fail to sell the property in question for sixteen thousand ($16,000) dollars, within the time specified, the said one thousand ($1,000) dollars retained by Phil Metschan shall be forfeited.        A. F. Swensson."

It is then alleged that plaintiff duly kept and performed all the terms of the agreement on his part, and on October 18th the property was conveyed to him by the owner, and thereupon plaintiff became and was the owner until the conveyance to Goldsmith, hereinafter alleged; that after the execution of the agreement, and during all the times mentioned, defendant was plaintiff's agent for the sale of the property, pursuant to the agreement referred to, during which time one John F. Shorey applied to him to purchase the property at the price of $17,000, and paid to him, as agent for plaintiff, $1,500 on account thereof, which was to be forfeited in case Shorey should fail to complete the purchase; that Shorey forfeited such money, and it was retained by defendant; that thereafter, and during the six-month period provided in the written agreement, defendant sold the property to Goldsmith for $17,000, and, at defendant's instance, plaintiff conveyed the property to him, and the purchase price, less a mortgage of $4,000, was paid by Goldsmith to defendant, as plaintiff's agent; that the amount of money so received by defendant, together with some other amounts stated in the complaint, less defendant's commission, were duly paid over to the plaintiff, but defendant refused and neglected to account for and pay the $1,500 received from Shorey.

A demurrer to the complaint, because it does not state facts sufficient to constitute a cause of action, was overruled, and defendant answered, admitting the terms of the writing set out in the complaint, and denying some of the other allegations of the complaint, not material on this appeal.

The cause was, by agreement of the parties, tried before the court without the intervention of a jury, and resulted in findings of fact and conclusions of law and judgment in favor of plaintiff, as prayed for in the complaint, from which judgment defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George W. Joseph.*

For respondent there was a brief over the names of *Mr. James N. Davis,* and *Messrs. Veazie & Veazie,* with oral arguments by *Mr. Davis* and *Mr. Clarence Veazie.*

MR. JUSTICE BEAN delivered the opinion of the court.

Neither the evidence as given on the trial, nor the findings of fact, are a part of the transcript. The only question for decision, therefore, is whether the pleadings sustained the judgment rendered by the court below, and this hinges on the construction of the writing set out in the complaint.

1. If defendant was a mere agent of plaintiff for the sale of the property described in such writing, any money received by him from Shorey belonged to plaintiff; for an agent is not permitted to make a profit to himself out of the subject-matter of the contract beyond his lawful compensation: 1 Clark & Skyles, Agency, § 406; *Pierce* v. *Powell,* 57 Ill. 323; *Chezum* v. *Kreighbaum,* 4 Wash. 680 (30 Pac. 1098: 32 Pac. 109).

2. The defendant does not controvert this rule, but his position is that by the terms of the contract he reserved an option or interest in the property for six

53 OR.—— 18

months, which he could sell or dispose of for his own benefit, and whatever money he received therefrom belonged to him. But there is no language in the contract which will support this contention. It does not purport, in terms, to give defendant an option on the property, or any interest therein. On the other hand, there is apt language used to constitute him a mere agent for the sale of the property. All that appears from the pleadings and the contract is that plaintiff became the owner by purchase, through the defendant, of certain real property, for the sum of $15,000, $1,000 of which was to be retained by him for six months, in consideration of which the defendant was authorized to hold said described "property for sale" at the price of $16,000, and if he did not make a sale for that amount within the specified time, he was to forfeit the $1,000, but, if he did, it was to be paid to him; and, if the property sold for more than the sum stated, he was to receive 2½ per cent commission on the purchase price. These are the only provisions of the contract which, in any way, tend to show the nature of defendant's interest, and all that can be extracted from them is that he was to be the exclusive agent for the sale of the property for six months, at a certain stipulated price, for which he was to receive $1,000 if he sold it for $16,000 net, and an additional 2½ per cent on the purchase price if in excess of that sum. But that does not give him an option on, or an interest in, the property itself. Notwithstanding the contract, plaintiff could have sold the property at any time, and conveyed a good title to the purchaser. Neither the defendant, nor any one claiming under him, could have compelled a specific performance of the contract, either against plaintiff or a purchaser from him. The title to the property remained in the plaintiff, and defendant's rights were only that of an agent for its sale.

It follows that the judgment must be affirmed, and it is so ordered.        Affirmed: Rehearing Denied.