## P. H. LOUVA v. I. D. WORDEN.

(152 N. W. 689.)

**Real estate broker — commissions — actions to recover — inconsistent contracts set out in complaint — motion by defendant to compel election.**

1. In an action by a real estate broker to recover commissions on the sale of defendant's lands, plaintiff alleges in his complaint two inconsistent contracts covering the amount of the agreed compensation. At the commencement of the trial, defendant moved for an order requiring plaintiff to elect upon which contract he would rely, which motion was denied.

*Held*, error.

**Owner — listing lands with broker for sale — net price — compensation of broker — excess received over net price — broker not entitled to hold except by express contract — compensation must be reasonable.**

2. Where the owner lists real property for sale with a broker at a net price, such broker, in the absence of an express contract to that effect, is not entitled to receive as a commission all the selling price in excess of such list price, but is merely entitled to a reasonable commission not exceeding such excess.

Opinion filed May 4, 1915.

---

Note.—As to the nature of contract by which owner agrees to pay another all over specified sum for procuring a sale, see note in 35 L.R.A. (N.S.) 116.

Appeal from District Court, Cass County, *C. A. Pollock,* J.

From a judgment in plaintiff's favor, defendant appeals.

Reversed.

*Alfred Zuger* and *Miller & Zuger,* for appellant.

Where a broker with whom lands are listed by the owner for sale at a net price sells same for an amount in excess of such net price, he is not entitled to retain as his commissions all of the excess amount obtained, without a special contract to that effect. He is simply entitled to reasonable compensation for his services, not exceeding the excess above such net price. Turnley v. Micheal, 4 Tex. App. Civ. Cas. (Willson), 363, 15 S. W. 912; Scott v. Hartley, 126 Ind. 239, 25 N. E. 826; Chezum v. Kreighbaum, 4 Wash. 680, 30 Pac. 1098, 32 Pac. 109; Boysen v. Robertson, 70 Ark. 56, 68 S. W. 243; Matheney v. Godin, 130 Ga. 713, 61 S. E. 703.

In such a case the law will not imply a contract whereby the broker may retain the whole of the excess over the net price. Scott v. Hartley, 126 Ind. 239, 25 N. E. 826; Allen v. J. A. Clopton Realty Co. — Tex. Civ. App. —, 135 S. W. 242; Boysen v. Robertson, 70 Ark. 56, 68 S. W. 243; Ford v. Brown, 120 Cal. 551, 52 Pac. 817; Kennedy v. Merickel, 8 Cal. App. 378, 97 Pac. 82.

*M. C. Lasell,* for respondent.

Where property is placed in the hands of a broker for sale at a certain price, and a sale is effected through the broker, as a procuring cause, he is entitled to comissions on such sale, even though, and in order to make the sale, the owner offers to and does accept a less or different price than that fixed, or other method of payment. Northern Immigration Asso. v. Alger, 27 N. D. 467, 147 N. W. 100; Ward v. McQueen, 13 N. D. 153, and cases cited middle of page 156, 100 N. W. 253; Jones v. Ford, 154 Iowa, 549, 38 L.R.A.(N.S.) 777, 134 N. W. 569; Paschall v. Gilliss, 113 Va. 643, 75 S. E. 200, Ann. Cas. 1913E, 778, and note on p. 784, and cases cited; Hoadley v. Savings Bank, 71 Conn. 599, 44 L.R.A. 321, 42 Atl. 667; Huntemer v. Arent, 16 S. D. 465, 93 N. W. 653; Eggland v. South, 22 S. D. 467, 118 N. W. 719; Webb v. Burroughs, 25 S. D. 629, 127 N. W. 623; Scott v. Clark, 3 S. D. 486, 54 N. W. 538; Smith v. Preiss, 17 Minn. 392, 136 N. W. 7, Ann. Cas. 1913D, 823; Prindle v. Allen, 164 Mich. 553, 129 N. W. 695; Heimberger v. Rudd, 30 S. D. 289, 138 N. W. 374; Potvin v.

Curran, 13 Neb. 302, 14 N. W. 400; Lewis v. McDonald, 83 Neb. 694, 120 N. W. 207; Reasoner v. Yates, 90 Neb. 757, 134 N. W. 651; Welch v. Young, — Iowa, —, 79 N. W. 59.

Where the jury has returned a general verdict upon controverted facts and upon an oral contract for the purpose of assigning and considering errors, it must be taken that the facts are thus in evidence which are most valuable to sustain the verdict of the jury. Oliver v. Katz, 131 Wis. 409, 111 N. W. 509.

Where the change in the price or terms is made by the owner of the land, and he consents thereto, and accepts such change, the broker is entitled to his commission upon his original contract. Ward v. McQueen, 13 N. D. 153, 100 N. W. 253.

Fisk, Ch. J. Plaintiff seeks to recover from defendant a balance claimed to be due as commission for the sale of a half section of land in Stutsman county. Paragraph 2 of the complaint alleges in substance that on or about December 15, 1912, defendant employed plaintiff to find a purchaser for such land, and that the parties entered into a verbal contract by the terms of which the defendant undertook to find a purchaser on the following terms: Plaintiff was to pay his own expenses in advertising and soliciting a buyer, and defendant agreed to sell the land to any purchaser that the plaintiff should find for the sum of $4,000 cash; plaintiff to have all that he could secure for the premises above that sum as his commission.

Paragraph 3 of such complaint, after certain immaterial averments, alleges that on or about February 26, 1912, plaintiff and defendant entered into a verbal contract whereby the latter agreed to sell the premises at the price of $4,800, out of which he agreed to pay the plaintiff $900 to recompense him for his expenses, labor, and commission in finding a purchaser, and that the defendant was to accept $3,000 cash and $1,800 on time, to be secured by a mortgage on the premises, and that plaintiff's commission was to be paid when such sale was consummated. It is further therein alleged that a sale was consummated upon the above terms, and that plaintiff is entitled to recover $900. Defendant's answer consists of a general denial, coupled with an averment that the commission agreed upon was $1 per acre, and that the same was paid prior to the commencement of the action.

It was stipulated that defendant gave plaintiff a check for $320 prior to the commencement of the action, and that such check shall be regarded the same as cash. Therefore, if defendant's version of the contract is correct the plaintiff has been paid in full, otherwise not.

At the commencement of the trial defendant requested the court to require plaintiff to elect whether he relied upon the contract alleged in ¶ 2 or that alleged in ¶ 3 of the complaint. In other words, whether he claimed to be entitled to the net amount received in excess of $4,000, or whether he demanded $900 under the alleged contract in ¶ 3. The court refused to require such election, and plaintiff was permitted to introduce evidence tending to support both theories of liability. The court, among other things, instructed the jury that the alleged agreement set forth in ¶ 2 was necessarily the basis for determining how much plaintiff was entitled to for his services in effecting the sale, provided they believed plaintiff's testimony.

The jury returned a verdict for $580 and interest, being the difference between $900 and the amount of the payment by check as aforesaid, and the appeal is from the judgment entered pursuant to such verdict.

Appellant contends that the evidence is insufficient to sustain the verdict, also that the court erred in numerous respects in instructing the jury and in admitting and excluding testimony at the trial.

As we view the record it will not be necessary to separately consider the various assignments of error made in appellant's brief. To our minds there is a basic fallacy pervading the entire proceedings in the court below and which resulted in causing a mistrial. In other words, the learned trial court proceeded throughout the trial upon the erroneous assumption that the complaint alleges, and the plaintiff's proof tended to establish, that but one contract was made by these parties, which contract authorized plaintiff to receive as his commission the sum for which the property should be sold in excess of the net price fixed by the defendant. For reasons hereinafter stated, we have no doubt that in thus holding, the learned trial judge erred to the manifest prejudice of appellant. In the first place, we think it very clear that the second and third paragraphs of the complaint set forth inconsistent contracts, and that it was error to overrule defendant's motion to require plaintiff to elect upon which he would rely. Surely, a contract alleged to have been made in December, 1911, whereby defendant agreed to accept a net

cash price of $4,000, giving to plaintiff as commissions all excess above that sum for which the property might be sold, differs radically from a contract alleged to have been made in February, 1912, whereby defendant "agreed with this plaintiff that he would sell the premises . . . for the sum of $4,800, out of which he agreed to pay the plaintiff the sum of $900 to pay his expenses for labor performed and for his commission. The said defendant to accept $3,000 cash and $1,800 in a note secured by first mortgage upon the premises. Plaintiff's commission to be paid when sale was consummated." It would seem to require no argument to demonstrate that these paragraphs of the complaint set forth two wholly inconsistent agreements. The contention that the 3d paragraph merely alleges a modification of the prior contract is, we think, without merit. It is of a wholly different character, and purports to be complete and entirely independent of any prior agreement.

But what we deem still more prejudicial to defendant's rights is the construction which the trial court placed upon the evidence, to the effect that by the terms of the contract plaintiff was to have as his commission for effecting a sale all the selling price in excess of a stated amount. This was error, and such error pervades the whole case. There is not even a scintilla of evidence in the record tending to show that any such contract was entered into; and yet the trial judge in effect instructed the jury that the court would take judicial notice of a custom that where land is listed for sale with a real estate agent or broker at a net price, such agent or broker is entitled to have and retain as his commission all the excess of the selling price above such net price. If any such custom prevails, there is no proof thereof, and we do not think it a matter of which the court may take judicial notice. The law, for reasons which appeal to us as sound, seems to be well settled to the contrary. Turnley v. Micheal, 4 Tex. App. Civ. Cas. (Willson) 363, 15 S. W. 912; Allen v. J. A. Clopton Realty Co. — Tex. Civ. App. —, 135 S. W. 242; Chezum v. Kreighbaum, 4 Wash. 680, 30 Pac. 1098, 32 Pac. 109; Boysen v. Robertson, 70 Ark. 56, 68 S. W. 243; Matheney v. Godin, 130 Ga. 713, 61 S. E. 703; Scott v. Hartley, 126 Ind. 239, 25 N. E. 826; Ford v. Brown, 120 Cal. 551, 52 Pac. 817.

In the case of Turnley v. Michael, 4 Tex. App. Civ. Cas. (Willson) 363, 15 S. W. 912, the language of the owner was, "I will take $7,500 net to me." The broker made a sale for the sum of $8,000, and he

sued to recover the $500 received over and above the net price which the owner had said he would take. The court, however, declined to sanction such recovery, holding that the broker could recover as his commission on the sale only a reasonable sum. The holding of this case is expressly approved in Allen v. J. A. Clopton Realty Co. — Tex. Civ. App. —, 135 S. W. 242, and also in Chezum v. Kreighbaum, 4 Wash. 680, 30 Pac. 1098, 32 Pac. 109. In Allen v. J. A. Clopton Realty Co. the court said: "It is well settled that a real estate broker to sell land for a certain net price is not entitled, in the absence of a contract therefor, to the excess over such price as he may obtain for the land."

In Matheney v. Godin the Georgia court in a well-considered opinion, among other things, says: "Where the owner agrees with brokers for them to sell property for a named amount, 'net to him,' such language will not be held to import by implication a contract to allow the brokers, as a fee or profit, all of the purchase price in excess of the sum so named." To the same effect are the holdings in the other cases above cited, and many more which we have not taken the space to cite. Of course, if plaintiff had proved the contract as alleged in ¶ 2 of his complaint, he would be entitled to recover the excess above the list price, but, as before stated, he offered no testimony in support of such paragraph. In the absence of proof of an express agreement as to the amount of plaintiff's commission, it is elementary that he can recover only on the *quantum meruit*.

The judgment is reversed and a new trial ordered.