[Civ. No. 4998.  First Appellate District, Division Two.—January 30, 1925.]

## D. E. ENGLISH, Respondent, v. C. R. SHIPLEY et al., Appellants.

[1] PROMISSORY NOTES — PURCHASE OF LAND — ORAL AGREEMENT — PLEADING—WAIVER OF STATUTE OF FRAUDS.—In an action against the makers of two certain promissory notes, where the defendants in their answer plead that said notes were given as part of the purchase price of an interest in certain real property, but they do not present any question regarding the statute of frauds, and the whole transaction is presented to the trial court by parol proof and no contention is made in that court regarding the defense of the statute of frauds, such defense may not be presented by the defendants on their appeal from the judgment in favor of plaintiff.

[2] ID.—AGREEMENT TO BUY AND SELL REAL PROPERTY — CONSIDERATION.—The vendor and the husband vendee having entered into the agreement to buy and sell the real property in question for a specified sum, and the vendor thereupon having immediately left the property and not having in any way attempted to retake possession from said vendee, there was no merit in the contention of the husband vendee that the notes given in part payment of the purchase price of the property were void for want of consideration.

[3] ID. — SUBSEQUENT EXECUTION OF NOTES BY WIFE — ABSENCE OF CONSIDERATION—HOLDER IN DUE COURSE.—The fact that the wife

---

1.  See 12 Cal. Jur. 941.
3.  See 3 R. C. L. 1131.

of the vendee did not sign the notes until some three months after they were delivered to the vendor did not sustain the defense of absence of consideration as to the wife, where the notes were transferred to plaintiff in due course and neither she nor her agent knew that the vendee had signed the notes on one date and that his wife did not sign them until a subsequent date.

[4] ID.—HOLDER IN DUE COURSE—INTEREST PAST DUE — EVIDENCE.— In an action against the makers of a promissory note, they are entitled to show that at the time the note was transferred to plaintiff the interest was past due and payable, and was unpaid, but that fact is not of such weight as to compel a finding that plaintiff was not a holder in due course.

[5] ID. — NOTICE OF CONSIDERATION — INFIRMITY IN TRANSACTION — EVIDENCE.—Plaintiff's position as a holder of the notes in due course was not weakened by the fact that they were executed as one step in an executory agreement to buy and sell land, where that fact was not known to her at the time she accepted them; and even though she did know that fact, her position was not weakened where she did not know of any infirmity in that transaction, either in the nature of fraud or breach of contract.

(1) 3 **C. J.**, p. 727, n. 98; 4 **C. J.**, p. 662, n. 82. (2) 39 **Cyc.**, p. 1210, n. 46. (3) 8 **C. J.**, p. 748, n. 54. (4) 8 **C. J.**, p. 508, n. 69. (5) 8 **C. J.**, p. 510, n. 80.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. G. Hayden for Appellants.

Harris & Bayhurst for Respondents.

STURTEVANT, J.—The plaintiff sued to recover the amounts due on two promissory notes. Judgment went for the plaintiff and the defendants have appealed.

The controversy arose out of a real estate transaction. An alfalfa farm near Fresno was owned by Mr. Mason. He entered into a contract by which he agreed to sell to J. J. Williams and R. L. Inman. Inman was to purchase an undivided two-thirds and Williams was to purchase an

4. See 3 **R. C. L.** 1080.
5. See 3 **R. C. L.** 1067; 19 **Cal. Jur.** 867.

undivided one-third. The terms of that instrument were such that the purchasers were to go into possession and one-half of the alfalfa hay was to be delivered to Mr. Mason. After the purchasers had been in possession for a period of time they allowed C. R. Shipley to farm the alfalfa, harvest the hay and deliver to Mr. Mason the portion to which he was entitled under the contract. After that arrangement had been followed for a while, on the fifth day of June, 1922, Shipley made oral contracts. By the terms of one agreement he agreed to purchase the two-thirds interest of Inman, and by the terms of another agreement he agreed to purchase the one-third interest of Williams. As to Williams the purchase price was $933. Of that sum Shipley paid in cash $133 and executed two promissory notes. Each note was dated June 5, 1922. One note was payable seventeen months after date and the other one was payable twenty-nine months after date. Each note bore interest at the rate of seven per cent per annum, and was payable annually. Each note contained a provision that if the interest was not paid as agreed the note should immediately become due at the option of the holder. The defendant Shipley signed the notes on the day they were dated. About three months later Mrs. Shipley, the other defendant, signed the notes. As recited above Shipley was in possession of the farm caring for the crops at the time the agreements last above mentioned were executed. Thereafter he continued in possession and as the hay was harvested made deliveries to Mason, or for Mason's account, and Williams does not appear to have been on the place excepting to make an occasional call. The terms of the agreement between Shipley and Inman were such that Shipley was to build a house at Parlier for Inman, and that the house and lot were to be accepted by Inman in payment of his equity. Later, Shipley not having performed his part of the contract with Inman, Inman retook possession of the alfalfa farm.

On or about October 1, 1923, Frank English and his wife, D. E. English, entered into a contract with Williams whereby the Englishes agreed to sell and Williams agreed to purchase a house and lot in Fresno for the sum of $4,500. As a part of the purchase price Williams transferred to the

Englishes the two notes above mentioned and guaranteed "the payment of said notes and interest in the sum of $870, and if the same are not paid promptly when due then the same shall not be a credit on said purchase price, and said real property shall revert back to the said first parties hereto and the interest of the second party in this contract and in said premises shall be at an end." There is no evidence that Mrs. English, the respondent, knew any infirmity regarding the notes. The evidence is slightly conflicting as to whether her husband knew any infirmity regarding the notes before he had executed the contract with Williams. However, shortly after that contract had been executed Frank English called on Shipley and at that time Shipley stated to him the facts hereinabove recited. Later the interest was not paid upon request being duly made and this action was commenced. The trial court made findings on all of the issues against the defendants and in favor of the plaintiff. Among other findings the trial court found that the notes were "sold, assigned and transferred by the said J. J. Williams to the said plaintiff D. E. English, prior to the maturity of said notes, or either of them, and that at the time of the transfer of said notes by the said J. J. Williams to the said plaintiff, plaintiff had no knowledge or information that the said defendants disclaimed liability on said notes, or either of them, or that the said notes were not what they purported to be on their face."

Before proceeding further it will be best to dispose of one fact that entered into the proof but which strikes us as being immaterial. Before Inman and Williams entered into their contracts with Shipley, Williams entered into a contract with Inman by the terms of which he agreed to sell his equity to Inman. That contract was recorded; but it was never carried out by the parties but, on the other hand, it was by the parties mutually abandoned. For all of the purposes of this case we think that the agreement between Inman and Williams stands as though it were never executed.

[1] The appellants call attention to the fact that the agreement between Williams and Shipley was oral, that it involved the sale of an interest in real property, and that

the agreement was therefore invalid. (Civ. Code, sec. 1624.) The respondent replies that whether valid or invalid the defense of the statute of frauds has been waived. In this behalf the respondent calls attention to the fact that in their answer the defendants pleaded the agreement between Shipley and Williams as recited by us hereinabove and that they did not in the trial court present any question regarding the statute of frauds. On the other hand, respondent calls attention to the fact that the whole transaction was presented to the trial court by parol proof and no contention was made in that court regarding the defense of the statute of frauds. Thereupon the respondent contends that the defense of the statute of frauds may not be presented by the appellants in this court at this time, and respondent cites *Armstrong* v. *Barceloux,* 34 Cal. App. 433 [167 Pac. 895]. The case cited, and numerous other cases contained in respondent's brief, fully support her contentions.

[2] The appellants rely upon a want of consideration as a defense. As to C. R. Shipley, we cannot understand his contention in this behalf. The record does not contain any conflict regarding the agreement being to the effect that Williams agreed to sell his equity to Shipley for the sum of $933, and that Shipley agreed to pay the same. Moreover, it is equally clear that Williams thereupon immediately left the property and has not in any way attempted to take the possession from Shipley. As to the defendant C. R. Shipley, the defense is entirely without merit.

[3] As to the defendant Ethel Shipley, it appears from the evidence that she signed some three months after the notes had been delivered to her father, J. J. Williams. There is no evidence to the effect that the respondent, or her agent, Frank English, knew at the time the notes were purchased from Williams that Shipley signed and delivered the notes on one date and his wife delivered the notes on another date. The evidence shows that the respondent is a holder in due course. As against her the appellant Ethel Shipley may not set up the defense of absence of consideration. (Civ. Code, sec. 3109.)

[4] The fact that the interest was due and payable in June, 1923, and that it had not been paid, was a fact

which the appellants were entitled to present to the consideration of the trial court on the issue as to whether the plaintiff is a holder in due course. However that fact is not controlling. It is not of such weight as to disturb the finding of the trial court.

[5] It does not appear from the evidence that when the respondent accepted the notes she knew that they had been executed by the maker as one step in an executory agreement to buy and sell land. However, if she did know it nevertheless it is further certain that she did not know of any infirmity in that transaction either in the nature of fraud or breach of contract. It follows that the position of the respondent as a holder in due course is not weakened. (*McNight* v. *Parsons,* 136 Iowa, 390 [125 Am. St. Rep. 265, 15 Ann. Cas. 665, 22 L. R. A. (N. S.) 718, 113 N. W. 858].)

The appellants cite and rely on *Griswold* v. *Morrison,* 53 Cal. App. 93 [200 Pac. 62], and *American Nat. Bank* v. *Kerley,* 109 Or. 155 [32 A. L. R. 262, 220 Pac. 116]. The second case cited involves the law applicable to pre-existing debts. The first case cited is helpful in so far as it construes section 3135 of the Civil Code on the subject of partial payments. But the respondent did not agree to make partial payments. There is nothing in either case at variance with the views hereinabove expressed.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.