ESTATE OF BOLEY: NICOUD, Claimant and Appellant, vs. BOLEY, Executor, Respondent.

*April 11—May 9, 1933.*

*Harold J. McGrath* of Milwaukee, for the appellant.

For the respondent there was a brief by *William L. Tibbs* and *Brooke Tibbs,* both of Milwaukee, and oral argument by *Brooke Tibbs.*

FAIRCHILD, J. Appellant bases his appeal on two propositions: (1) that the actual consummation of the sale was not a condition precedent to the payment of the commission; (2) if the consummation of the deal was a condition precedent to the payment of the commission, then that condition was waived and an estoppel to insist upon it existed.

Recovery is sought under the contract of May 28th, which is quoted in full in the statement of facts. This agreement contains such definite wording as that the commission is "to be paid on the day the conveyances are executed." This provision takes the case out from under the rule that the real-estate agent is entitled to be paid a commission when he finds a purchaser able, willing, and ready to buy the property at the price fixed by the owner, and places it under the rule that

the seller and the real-estate agent having stipulated the conditions upon which the payment of the commission depends, a recovery is limited by those stipulations.

In the one case the absence of an agreement fixing the terms and conditions upon which the payment of a commission is to depend leaves the broker entitled to claim his commission when he has procured a purchaser able, ready, and willing to take the property. In the other situation the agreement brings the facts under the rule recognized in such cases as *Dean v. Wendeberg,* 175 Wis. 513, 185 N. W. 514, where a condition precedent to the payment of the commission does exist; for, as the court in the *Dean Case* said, "In order to protect himself the vendor may include in the agreement with the broker a provision that the commission shall not be paid unless the deal is consummated, and of course such an agreement should be enforced according to its terms unless some good reason is shown to the contrary."

When the parties to the agreement under consideration used the words "on the day the conveyances are executed," they clearly expressed an intention of having the payment of the commission dependent upon the happening of an event, and that event was to be the execution of the conveyances. This necessarily involved the completion of the deal by the payment of the purchase price. All this was to occur without requiring any aggressive action on the part of the seller. It is of course understood that she could not hinder or interrupt the proceedings and then escape liability. However, a failure to complete the deal in no way chargeable to her cannot be used by the broker to place the burden of liability for the commission upon her.

It is suggested that if the words "said sum to be paid on the day the conveyances are executed" constitute a condition precedent, then the right to insist upon the performance of said condition has been waived. The buyer sought to create the impression that the seller delayed unreasonably in

putting title to the premises in proper shape for the transfer, and sued to recover a down payment of $500 made by it. The suit was pending from December 14, 1930, until March 16, 1932. The seller having died in the meantime, a compromise was arranged by her executor, and under this arrangement $250 was returned to the company and $250 retained by the executor. There can be no serious claim that this was the equivalent of a sale. The estate received no advantage in lieu of performance. Under the circumstances existing the executor was obliged to appear in the action and he was entitled to adjust it. While the appellant was not a party to these proceedings, he was advised of them at the time. The elements of waiver are lacking in the circumstances. The vendor was under no duty to appellant to procure performance by the vendee. In order to end the litigation, the returning of the $250 by the estate to the customer of the broker and keeping $250 towards the payment of the executor's expenses connected with that litigation provides nothing to serve as a basis for an implied waiver of a performance of the sales contract.

The buyer's refusal to complete the deal permitted respondent to end the matter and no obligation existed to compel the seeking of specific performance or the resort to any other remedy to enforce the terms of the contract or to seek damages for its breach. Respondent's decedent had simply bound herself upon receipt of the price to execute the deeds, and then, and then only, to pay a commission. Her duty to the broker is fully met by a continued willingness to perform. Neither she nor her representative heightened or extended the responsibility by remaining passive and neutral. She had made no contract to procure from the broker's customer the performance of the agreement the broker attempted to negotiate, and no such contract is implied. The conditions of the contract upon which payment of commissions depend not having materialized, and no fault of respondent being

present to constitute a waiver or to create an estoppel, nothing is due appellant.

The evidence sustains the findings of fact, and the conclusions of law are such as would logically follow. *Amies v. Wesnofske,* 255 N. Y. 156, 174 N. E. 436, 73 A. L. R. 918; Restatement of the Law of Contracts, sec. 295; *Lesser v. W. B. McGerry & Co.* 121 Cal. App. 193, 8 Pac. (2d) 1058; *Dean v. Wendeberg,* 175 Wis. 513, 185 N. W. 514.

*By the Court.*—Judgment affirmed.