TURNLEY, LEVEY & CO. v. M. C. MICHAEL.

(No. 3063.)

APPEAL from Galveston County.   Opinion by WHITE,
P. J.

WAUL & WALKER, counsel for appellants.

J. B. & C. J. STUBBS, counsel for appellees.

§ 223. *Contract; construction of as to compensation
of real estate broker for sale of land; case stated.*   Ap-
pellants brought this suit to recover $500, which they
claimed as real estate brokers was due them on the sale
by them of certain real property at the instance of and
belonging to appellees.   There is but a single question
in the case, and that is as to the meaning and proper
construction of certain words used in the contract be-
tween the parties.   When the appellants were finally
authorized to sell the property for $7,500,. the language
used by Michael, appellee, acting for himself and the
other owners, was, "I will take $7,500 net to me."   The
appellants sold the property for $8,000, and the pur-
chaser paid the money to appellees.   Appellants de-
manded $500, the amount over and above $7,500, and,
being refused, brought this suit.   The case was tried
below by the judge without a jury, and he gave judg-
ment for appellants for $208, it being two and one-half
per cent. commissions on $8,000, the amount for which
the property was sold, together with the interest, and he
filed conclusions of fact and law.   What is the proper
legal meaning of the word "net," as used in the contract?
Mr. Webster, among others, defines it to be "clear of all
deductions and charges."   In Evans v. Waln, 71 Pa. St.
69, it was held that, "as applied to the proceeds of the
sale of stock, the phrase 'net balance' means, in com-
mercial usage, the balance of the proceeds, after deduct-

ing the expenses incident to the sale." In Scott v. Hartley (Ind.), 25 N. E. Rep. 826, the word "net" is defined: "That which remains after the deduction of all charges and outlay, as 'net profits,'" etc.; "also clear of all charges and deductions, as 'net profit,' 'net income,' 'net weight,'" etc.; and it was held in that case that evidence of custom tending to contradict the meaning of the words "net price" was inadmissible, because the words were plain and unambiguous. We are of opinion that the word "net," as used in the contract, meant that the property must bring to the owner at least $7,500 free of all expenses and deductions. We do not think the language is susceptible of the construction that the appellee Michael intended to give appellants all the land might sell for over $7,500 as their fees for their services. This was the view taken by the court below, and we are satisfied it is correct. There is some conflict in the evidence, but sufficient evidence to support the findings and judgment of the court.

March 4, 1891.    Affirmed.