BOYSEN *v.* ROBERTSON.

Opinion delivered January 4, 1902.

1. BROKER—COMPENSATION.—Where a landowner authorized her broker to sell the land for her at "three dollars per acre net to her," the intention was that the land should bring the owner that amount over and above all expenses and deductions, and not that the broken should receive all he could get for the land in excess of that amount. (Page 58.)

2. SAME.—Where the owner of land authorized her broker to sell it for her at "three dollars per acre net to her," and while the broker was negotiating a sale the owner sold the land at four dollars per acre, the owner is liable to her broker for his reasonable compensation only, and he cannot recover from the vendee the amount that the price paid, with expenses, exceeded three dollars per acre net to the vendor. (Page 58.)

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*George C. Lewis,* for appellant.

This was a contract of sale, if any at all, and the agent was allowed only a reasonable amount for making it. 15 S. W. 912; Rapalje, Real Estate Brokers, 77. An agent who is authorized to sell for a fixed price and sells for a higher price must account for the excess. 1 Gilm. (Ill.) 269; 55 Ill. 288; 13 La. An. 18; 36 Barb. 349; 31 Ill. 404; 62 Ind. 255; 27 Ill. App. 244. Under the statute of frauds a sufficient writing is necessary. 45 Ark. 28. The plaintiff knew the extent of the agent's authority. Story, Agency (9th Ed.), § 133; 1 Am. & Eng. Enc. Law, 987-993. An agent to buy land has no authority to take the deed in his own name. Story, Agency (9th Ed.), § 147; 87 Fed. 268. The eighth instruction ignores the distinction between a general and special agent. Story, Agency, § 126. The principal's knowledge is an essential element of ratification. Story, Agency (9th Ed.), § 239. The principals had a right to deal directly and disregard the agent. 44 L. R. A 321, 593; 45 L. R. A. 33.

*McCulloch & McCulloch, J. J. & E. C. Horner,* for appellees.

A broker to sell land may accept a commission from both parties when this dual character is known. 53 N. W. 916; 44 N. W. 279; 1 Am. & Eng. Enc. Law (New Ed.), 1113; 53 N. Y. 621. The agent was entitled to his commission. 15 S. W. 912. The contract of the agent need not satisfy the statute of frauds. 8 Ark. 272; 30 Ark. 249; 42 Ark. 246; 44 N. W. 278. The statute of frauds cannot be set up as a defense against an executed contract. 149 U. S. 481; 79 Cal. 23; 82 Ill. 618. The principal is bound by the acts of the agent within the authority he has given him. 1 Am. & Eng. Enc. Law, 889-915; 1 Minor, Inst. 206; 13

N. Y. 632; 49 Ark. 323; 25 Ark. 220; 42 Ark. 99. A ratification of an act under a mistake is voidable, to the extent of the mistake. 1 Am. & Eng. Enc. Law, 1190; 44 Cal. 166.

*George C. Lewis,* for appellant, in reply.

A broker cannot contract in his own name. 42 N. E. 288; 4 Am. & Eng. Enc. Law, 965; Story, Agency, § 28; 13 N. Y. 632; Fitch, Real Est., 30; 142 N. Y. 70; 45 L. R. A. 33. A sale by one agent, whether known to others or not, terminates this agency. Mech. Agency, § 969; 24 N. W. 341.

BATTLE, J. Mrs. Anna A. Jones was the owner of 3852.73 acres in Lee county, in this state. She authorized J. T. Robertson, a real estate broker, to sell the same at "three dollars per acre net to her." For about two years Robertson had control of the lands, rented them, paid taxes on them, and endeavored to sell. In March, 1896, A. Boysen authorized J. G. Thweatt to purchase the land, and Robertson sold the land to Thweatt for Boysen, Thweatt, as such agent, agreeing to pay Mrs. Jones three dollars an acre, and to Robertson fifty cents an acre as a compensation for selling. While this trade was pending, Boysen purchased the land from Mrs. Jones at four dollars an acre, and paid her for it, and received a deed from her for the same. Boysen refusing to pay the fifty cents an acre, Robertson brought this action against him for the same, and recovered judgment for $1,506.40, and he appealed.

Was Robertson entitled to a judgment against Boysen for any amount? That depends upon his contract with Mrs. Jones in respect to the sale of the land. The evidence does not show what compensation he was to receive for selling. But he says he was authorized to sell the land at three dollars per acre net to her, and that he was entitled to all he could get for the land exceeding that amount. He is in error. The contract meant that the land must bring to Mrs. Jones three dollars per acre over and above all expenses and deductions. *Turnley* v. *Michael,* 15 S. W. Rep. 912. This was only a limitation upon his power to sell. It was still his duty to sell the land for the highest price obtainable, and to account to Mrs. Jones for the proceeds, less a compensation not greater than the excess of the purchase money over three dollars per acre net, and at the same time not exceeding a reasonable compensation. The whole amount for which he sold the land was due to and recoverable by Mrs. Jones. If he had collected it, he might have re-

served out of it what his principal was owing him on account of the sale. But the contract made by him was never completed. Mrs. Jones sold the land to Boysen for four dollars per acre, collected the purchase money, and conveyed the land to the purchaser. She and Boysen had the right to do so, and thereby relieve Boysen from the contract made by their respective agents. But this did not relieve them from any liability for compensation they were severally liable to their respective agents for services rendered.

The judgment of the circuit court is therefore reversed, and final judgment is rendered here in favor of the defendant.

BUNN, C. J., dissents.