## MATHENEY, BEASLEY & KOON v. GODIN.

1. The owner of certain realty "listed" it for sale with brokers engaged in the business of selling property of that kind, agreeing that he would sell the property so "listed," for a given sum, "net to him" (the owner), and the brokers procured a purchaser who was "able, willing, and ready to buy" at a price in excess of the amount named; but the owner refused to sell. *Held*, that the terms of the agreement on the part of the owner did not import an offer on his part to pay the brokers the excess in the amount which the purchaser was willing to pay for the property, above the sum named, for which the owner was willing to sell it.

2. A petition alleging the foregoing facts and praying for judgment for a sum equal to the excess in the amount at which the alleged purchaser was willing to buy, above the "net" amount at which the owner was willing to sell, was demurrable.

Submitted November 29, 1907.—Decided May 19, 1908.

Complaint. Before Judge Hammond. Richmond superior court. April 18, 1907.

*S. F. Garlington,* for plaintiffs.   *D. G. Fogarty,* for defendant.

BECK, J. In the bill of exceptions error is assigned upon the judgment of the court below in sustaining a general demurrer to the plaintiffs' petition. From the petition it appears that the plaintiffs were a firm of real-estate agents, "engaged in the business of selling real estate on commission or for a fee." Godin, the defendant, listed with them, for sale, a certain tract of land. The property "was first listed with petitioners for sale at $5,000, out of which sum petitioners would receive five per cent. of the purchase-price. The defendant subsequently informed petitioners that he would sell said premises for $4,550 net to him." It is further alleged, that "during the time when said property was with them for sale, and during the agency, petitioners procured . . a purchaser for said property at and for the sum of $4,500 net to said Godin, and petitioners so reported to defendant, who refused to comply with his agreement with petitioners to sell, and refused to pay petitioners their profit," although the purchaser so procured by them was able, willing, and ready to buy and actually offered to buy the property upon the terms stated in the contract. The price which the purchaser offered to pay for the premises was $4,750 in cash, of which sum the petitioners allege they are entitled to $200, "as their fee, commission, or profit."

Considering all of the allegations of the petition, it must be construed as an attempt to declare upon a contract by the terms of which the plaintiffs were entitled to all in excess of $4,550 of the sum for which they might sell the property listed with them. It is true that at first they were to sell for $5,000 on commission; but construing the allegations most strongly against the pleader, we are authorized to conclude that the first contract had been entirely changed and set aside; and the only question in the case is whether they are entitled to recover the sum sued for,—that is, such part of the amount which the purchaser procured by them was will-

ing to pay as was in excess of $4,550. If they show a case entitling them to recover such excess, it must be based upon a contract with the owner of the land; and if such a contract is not alleged in the declaration, the declaration must fall, when attacked by general demurrer. Whether such a contract is set up in the declaration or not depends upon whether the averment that "the defendant subsequently informed petitioners that he would sell said premises for $4,550 net to him" will bear the construction placed upon it by the plaintiffs,—that is, if they should sell the property for more than $4,550, the plaintiffs should receive, as their compensation, the excess of the purchase-price beyond the amount of $4,550. And we are of the opinion that such a construction of those words is unauthorized. From the statement of facts in the case of Turnley v. Michael (Texas Civil Appeals), 15 S. W. 912, it appears that the appellants brought suit to recover $500, which they claimed was due them as real-estate brokers, for the sale by them of certain real property, which belonged to the appellees, at the instance of the latter. The case turned upon the determination of the same question, and that was the construction of the language, "I will take $7,500 net to me," used by one of the owners, when listing with the brokers the property to be sold. The latter sold the property for $8,000, which was paid to the owners, and the appellants demanded $500, "the amount over and above $7,500," and, being refused, brought suit. In that case it was held, that "Where the owner of land, in his contract with real-estate brokers to sell it for him, states, 'I will take $7,500 net to me,' the intention is that the property shall bring him that sum free of all expenses, and not that the brokers shall receive as compensation all the purchase-money above that sum" (syllabus). That ruling we think to be sound and in consonance with the decided cases involving the ruling there laid down, and it is in harmony with the general rule that profits made out of the purchase or sale of property by an agent for his principal belong to the latter, and not to the agent, as in the case of an agent selling for a higher price than that limited by the principal. See 1 Am. & Eng. Enc. L. (2d ed.) 1072, and cases cited.

We do not mean to hold that if the real-estate brokers who are plaintiffs in this case had alleged an express contract that if they should procure a purchaser for the property listed with them they

might have as compensation for their services all that they might sell the property for, above a fixed sum, they would not be entitled to such excess as compensation for their services, in case they procured a purchaser. But where the owner agrees with brokers for them to sell property for a named amount "net to him," such language will not be held to import by implication a contract to allow the brokers, as a fee or profit, all of the purchase-price in excess of the sum so named.

*Judgment affirmed. All the Justices concur.* ·