ALLEN et al. v. J. A. CLOPTON REALTY CO.

(Court of Civil Appeals of Texas. Feb. 22, 1911.)

1. BROKERS (§ 71*) — COMPENSATION — CONTRACT—"NET PRICE."

Where a contract employing plaintiffs to sell defendants' property provided that it must be sold at a price to net the owners not less than $125 per acre, and that the commission must be added to that amount, the contract did not authorize the brokers to retain as their commission all of the price above $125 per acre obtained, but only entitled them to a reasonable compensation.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 71.*]

2. APPEAL AND ERROR (§ 1178*)—REVIEW—DISPOSITION OF CAUSE—CURING ERROR.

Where a defect in plaintiffs' case would probably have been cured by an amendment and additional evidence but for an erroneous ruling, on judgment for plaintiffs being reversed for such error, the case will be remanded without rendering judgment absolute for defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. §. 1178.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by the J. A. Clopton Realty Company against D. J. Allen and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

R. P. Ingrum, for appellants. C. C. Clamp, and S. S. Searcy, for appellees

NEILL, J. This suit was brought by appellees against the appellants to recover the sum of $2,000 alleged to be due under a written contract between the parties, which, in so far as applicable to the question involved on this appeal, is as follows: "This memorandum of agreement, made and entered into this 25th day of May, A. D. 1909, by and between J. A. Clopton Realty Company of San Antonio, Bexar county, Texas, hereinafter styled as parties of the first part,. and D. J. Allen and wife, Mamie W. Allen, hereinafter styled as parties of the second. part, witnesseth: That for and in consideration of the sum of one ($1.00) dollar paid, the receipt of which is hereby acknowledged, parties of the second part hereby give parties of the first part the exclusive selling agency for a period of eighteen (18) months, as follows: Tract No. 1, consisting of sixty (60) acres of land, located just west of the city limits, and north of the Castroville road,. commencing at a point about 500 or 600 feet

from the Lady of the Lake grounds, and running through to the first road, crossing on the outside of the city limits from the Castroville road to the Culebra road, and being the same land sold to said D. J. Allen by J. A. Clopton through the agent for the Rice Estate, Ben F. Converse, and finally closed on May 14, 1909; said property being bought from the Rice Institute Estate. The above-described property must be sold at a price to net the parties of the second part not less than $125.00 per acre, paying out the parties of the second part's equity in cash, or equivalent to cash; but if cash is not gotten, the notes must be acceptable to the parties of the second part; and all commission received from the selling of the said property must be added to this amount. * * * Now this above-mentioned price of $125.00 net per acre to the parties of the second part shall not exist for a greater length of time than sixty days from this date." No mistake or ambiguity in the terms of the contract was alleged or proved. It was alleged and proved that within 60 days from the date of the contract a sale of the land was effected by appellees at $150 per acre. They claim that they are entitled under the contract to recover the excess of what they sold the land for over $125 per acre, which is the amount sued for. The case was tried before a jury and resulted in a judgment in favor of plaintiffs for the sum sued for.

Neither plaintiffs' petition nor the evidence sustains the judgment. It is well settled that a real estate broker to sell land for a certain net price is not entitled, in the absence of a contract therefor, to the excess over such price as he may obtain for the land. Turnley v. Micheal (App.) 15 S. W. 912; Boysen v. Robertson, 70 Ark. 56, 68 S. W. 243; Matheney v. Godin, 130 Ga. 713, 61 S. E. 703; Walker's Real Estate Agency, §§ 481, 655.

This case is differentiated from that of Taylor v. Cox (Sup.) 16 S. W. 1063, for in that case it was stipulated in the contract of agency that the broker was to have as compensation upon the sale of real estate all he could obtain over a certain price; but in this one there was an absence of any such stipulation in plaintiffs' contract. Doubtless plaintiffs were entitled to a reasonable compensation for effecting the sale; but what a reasonable compensation would be was neither alleged nor proved. If defendants' demurrer had been sustained, as it should have been, plaintiffs could, and doubtless would, have supplied such defect in their petition by an amendment and then proved such reasonable compensation as they were entitled to recover. In view of this, we will not reverse and render judgment, but simply reverse the judgment of the district court and remand the case for another trial.

Reversed and remanded.