## 12073.   TICKNOR *v.* SPENCE.

BLOODWORTH, J.   1. The owner of certain real estate wrote to a broker that he would sell the property for a certain sum net to him (the owner), and the broker procured a purchaser who was able, willing, and ready to buy at a price in excess of the amount named, but the owner refused to sell. *Held,* that the terms of the agreement on the part of the owner did not import an offer on his part to pay the broker the excess in the amount which the purchaser was willing to pay for the property, above the sum named, for which the owner was willing to sell it.

2. A petition alleging the foregoing facts and praying for judgment for a sum equal to the excess in the amount at which the alleged purchaser was willing to buy, above the " net " amount at which the owner was willing to sell, was demurrable. *Matheney* v. *Godin,* 130 *Ga.* 713 (61 S. E. 703).

     *Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

DECIDED APRIL 14, 1921.

Complaint; from city court of Albany — Judge Clayton Jones. November 10, 1920.

On general demurrer the court dismissed the petition as amended, which alleges: The defendant is indebted to the plaintiff in the sum of $250, on the following state of facts: On August 26, 1919, defendant authorized plaintiff to sell his house and lot in the City of Albany, Georgia, at the corner of Broad and Monroe streets for $10,000 net to him, and plaintiff, in pursuance of this authority, finally succeeded in selling the premises to Samuel Weldon, of Albany, Georgia, on March 3, 1920, for $10,250, said Weldon being ready, willing, and able to buy, and offering to buy said premises on the terms stipulated by the owner; and on the same day plaintiff telegraphed defendant that he had sold the said premises on the authority given him on August 26, 1919, and that a part of the purchase-price had been paid, and that the balance would be paid upon his giving possession of the premises and executing a satisfactory deed. The defendant replied that conditions had changed and that he would not sell the said property, and he refused and has continued to refuse to execute a deed to it as provided for in the sale. The authority given plaintiff on August 26, 1919, to sell said property has never been revoked, and plaintiff, by his failure and refusal to consummate the trade as provided for in the said authority to sell, has damaged plaintiff in the sum of $250, the difference between the net price required by defendant and the sale price to the said Weldon, which overplus defendant agreed to give plaintiff as brokerage for selling the premises, in that the circumstances surrounding the giving of, and the intent and meaning of, the authority to sell, taken in its entirety, indicate, include, and constitute an offer to give plaintiff all overplus received for the property as his brokerage for selling the land, and which the defendant admits in writing. Attached to the petition were a copy of the letter of the defendant to the plaintiff, dated August 26, 1919, authorizing the sale for $10,000 net to the defendant, and a copy of the telegram referred to above. It is alleged that to a letter of the plaintiff, dated April 21, 1920, requesting a check for $250 as the amount of his compensation, the defendant replied by a letter, set out, in which the defendant referred to the change of conditions with him, and said that the sale was not and would not be confirmed, and " I also regret the loss of the com-

mission to you." It is alleged that this statement as to the com-. mission shows that the defendant intended to give and did give to the plaintiff, as his commission for finding said purchaser, all overplus in the sale above $10,000, and the same was so understood by both plaintiff and defendant. It is further alleged, by amendment, that the words of the authority to sell the property for $10,000 net were ambiguous and not sufficiently definite to express the defendant's mind, and that parol evidence should be permitted to show what the defendant meant by the authority set forth.

*R. H. Ferrell,* for plaintiff. *Lippitt & Burt,* for defendant.

LUKE, J., dissenting. I think, upon the particular facts pleaded, we might distinguish this case from that of *Matheney* v. *Godin, supra.* In the opinion of the writer the petition is sufficient to show a contract whereby the broker was to receive for his services the sum in excess of the price at which the owner agreed to sell the property.