### DAVIS *v.* METCALF & HALEY.

### Opinion delivered February 19, 1923.

1. BROKERS—JURY QUESTION.—In an action against brokers for the excess for which they sold plaintiff's land over the list price, and for the commission paid them, based on the ground that they fraudulently concealed the price paid and retained the excess, the question whether plaintiff agreed to allow defendants as their commission all they might receive over the list price *held* for the jury; hence it was error to direct a verdict for defendants.

2. BROKERS—AGREEMENT AS TO COMMISSION.—A broker may make a contract whereby he will be entitled to the difference between the price the seller agrees to accept and the amount the purchaser agrees to pay; but such a contract must be plainly expressed, in order to relieve the broker of the duty he owes his principal to make full disclosure concerning the terms of the negotiations.

3. BROKERS—FRAUD—JURY QUESTION.—Whether brokers perpetrated a fraud on their principal by failing to disclose the fact that they had sold his land for a price in excess of the list price and appropriated the difference, *held* for the jury.

4. BROKERS—FRAUD—FORFEITURE OF COMMISSION.—If a broker violates his duty to his principal and fraudulently misrepresents the facts concerning his transaction, and undertakes to derive any advantage therefrom to himself, he forfeits any compensation that would otherwise be due him, and all gain thereby belongs to his principal.

Appeal from Lawrence Circuit Court, Western District; *Dene H. Coleman,* Judge; reversed.

Appellant *pro se.*

The case should have been submitted to the jury on the disputed question of fact as to whether or not

the plaintiff agreed to give the defendants all over the sum of $1,500. It is the duty of a broker to make to his principal a full, fair and prompt disclosure of all the facts and circumstances affecting his principal's interests. Any advantage accruing to him by violation of this duty must be made good to the principal, and not only so, but he forfeits his compensation also. 126 Ark. 61; 196 Pa. St. 205; 79 Am. St. Rep. 702; 62 So. 254; 7 Ala. App. 358; 80 Atl. 164; 114 Md. 418; 165 N. W. 294; 36 Neb. 869; 55 N. W. 279; 113 Pac. 1133; 58 Ore. 195; 166 Ill. App. 402; 190 Ill. App. 493; 140 N. W. 892; 159 Iowa 424; 169 Ill. App. 456; 178 S. W. 566; 95 Minn. 350; 104 N. W. 543; 2 App. Cases (D. C.) 387; 124 Mich. 417; 46 N. J. Eq. 595; 110 N. W. 1031; 133 Iowa 567. The burden of proof, in such cases, is on the agent to establish his fairness in the transaction. 48 Cal. 215; 1 Hun (N. Y.) 303; 2 Strob. (N. C.) Eq. 262; 22 N. J. Eq. 481. A broker guilty of fraud in executing his agency forfeits his right to commission. 66 Kan. 427; 87 N. E. 70; 80 Kan. 515; 87 N. Y. App. Div. 518; 20 Pa. Sup. Ct. 369; 92 Fed. 32, 34 C. C. A. 190; 81 Conn. 623.

WOOD, J. This is an action by the appellant against the appellees. The appellant alleged that in the fall of 1919 he placed in the hands of Metcalf & Haley, real estate brokers, certain lands for sale. The price fixed for the sale of the land was $1,500; that they were to receive ten per cent. commission for making the sale. They sold the land for the sum of $1,700, and prepared a deed to the purchaser in which they fraudulently concealed from the appellant the fact that the land had been sold for $1,700, and fraudulently represented that they had sold the same for $1,500. Appellant further alleged that by reason of the fraud and concealment he had been cheated out of the sum of $200, and that appellees were not entitled to retain the sum of $150 which he had paid them as their commission. He prayed judgment in the sum of $350.

The appellees, in their answer, admitted that they sold the land for $1,700, but denied that they were to receive only a commission of ten per cent. of the purchase price. They alleged that, when the land was listed with the appellees, the appellant represented that Wilson Mercantile Company of Imboden had a lien on the land for $1,200, which would have to be paid when said land was sold, and that the appellant would have to receive the sum of $150 before he would execute a deed to his equity in the land, which was all the interest he owned therein, and that after these two amounts were paid the appellees could have, as their remuneration for selling the land, all it brought over and above those amounts, and that the land was sold under such agreement, and they had settled with the appellant on those terms. They therefore denied that they were indebted to the appellant in any sum.

The appellant testified in his own behalf that he was the owner of 160 acres of land which he listed with appellees to be sold for $1,500, and they were to receive ten per cent. commission for making the sale. Appellant ascertained later that appellees had sold his land for $1,700. He demanded the $200 which appellees had received over the price for which the land was listed, and appellees denied that such was the contract. Metcalf, with whom the appellant had the conversation, stated, "Oh, well, that is some of Mr. Haley's doings. He is in the habit of pulling off that kind of a deal." Witness asked Metcalf what they were going to do about it, and he replied that they would straighten it up. Witness testified that one E. B. Sims and LeRoy Sims were present when they had this conversation, and Metcalf promised that he would settle it. The appellant signed the deed and received $50, but didn't know at the time that the place was sold for more than $1,500. He afterwards discovered it when Sims came to see about the interest due on the mortgage. Sims then showed ap-

pellant the sale contract. Appellant received but $150 out of the sale.

There was testimony corroborating the testimony of the appellant to the effect that the appellant listed the land with the appellees to be sold for $1,500, and that the appellees were to receive ten per cent. commission for selling the same. Witness A. B. Sims also corroborated the testimony of the appellant as to the conversation with Metcalf after the sale was consummated.

Appellee Haley testified that he and Metcalf were partners in the real estate business, and that appellant listed with them 160 acres of land to be sold for $1,500, but afterwards it was agreed that they should receive all they could over $1,500. Appellant stated to witness that all he wanted was the sum of $150, and the buyer to assume the mortgage on the place in the sum of $1,200. Witness detailed the circumstances under which the contract between them was entered into. A contract was introduced in evidence between the appellees and one Sims, showing that the property was sold for $1,700. The testimony of the appellant tends to show that he had no knowledge that the contract specified that the land was sold for $1,700.

The appellant requested the court to instruct the jury to the effect that, if appellees sold the property for a greater sum than that fixed by the plaintiff, it was their duty to advise him of such fact and to account to him for the excess; that, if they concealed from him the fact that they were receiving for the property more than the listed price, and failed to so advise him, they should return a verdict for the appellant for such sum over and above the sum of $1,500 and in addition the sum of $150 which the appellant paid for his commission; that they forfeited the sum of $150 by reason of the fraudulent concealment of the true facts. The court refused to give the appellant's prayer for instruction.

The court instructed the jury as follows: "He (appellant) testified that he got exactly what he was to get under the contract, which was $150 and the mortgage as-

sumed by the buyer, and he was released from it, and the undisputed evidence shows that he (appellant) got the $150 and the mortgage released or assumed by the other party, so you will return a verdict for the defendant.'' The jury returned a verdict as directed. The court entered a judgment in favor of the appellees, dismissing appellant's complaint and for costs, from which judgment is this appeal.

The court erred in directing the jury to return a verdict in favor of the appellee. Under the testimony in the record it was an issue of fact for the jury as to whether or not the appellant had agreed to allow the appellees as their commission for making the sale of the land all they might receive over the listed sale price of $1,500. There was a sharp conflict on the issue, and the same should have been submitted to the jury, under proper instructions.

The law applicable to this branch of the case is announced in *Bennett* v. *Thompson,* 126 Ark. 61 (quoting syllabus) : ''The duty rests upon a broker, the same as upon any other agent, to make disclosures to his principal of the terms of the negotiation so that the principal may act advisedly in determining whether or not the proposal is satisfactory. A broker may make a contract whereby he will be entitled to the difference between the price the seller agrees to accept and the amount the purchaser agrees to pay, regardless of what that amount is, but such a contract must be plainly expressed in order to relieve the broker of the duty he owes to his principal to make full disclosure concerning the terms of the negotiation.''

On the issue as to whether or not the appellant is entitled to recover from the appellees the sum of $150 which they had received as commission for making the sale, it suffices to say that the appellant conceded that the appellees were entitled to this amount for making the sale, if there was no fraud perpetrated by appellees on appellant. There was no testimony tending to prove that the appellees had perpetrated any fraud upon the

appellant in making the sale. The appellees sold the property for more than $1,500, and if they perpetrated a fraud at all upon the appellant it was in concealing from him the amount they had received in excess of the listed price and in retaining the same. The issue as to whether the appellant was entitled to recover the excess over $1,500, as we have stated, should have been submitted to the jury, under correct instructions. The issue as to whether or not appellees forfeited the $150 commission received by them, by reason of fraud perpetrated on the appellant, was one of fact also, which should have been submitted to the jury, under correct instructions.

The law is well settled that "it is the duty of one acting for another in the sale of real estate, whether for compensation or otherwise, to faithfully and truthfully make known to his principal all matters pertaining to the transaction; and if he violates this duty and fraudulently misrepresents the facts concerning his transactions, and undertakes to derive an advantage therefrom to himself, he forfeits any compensation that would otherwise be due him, and all gain made thereby belongs to his principal." *Jeffries* v. *Robbins,* 71 Pa. 852, and other cases cited in brief of learned counsel for appellant.

The prayer of appellant for instruction on the issue as to whether the appellees were entitled to hold the $150 commission was, in effect, a peremptory one, telling the jury that the appellees were guilty of fraudulent conceal- ment, and that they thereby had forfeited the $150. The court did not err in refusing this prayer.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.