BELK *et al. v.* AMYETT.

ATKINSON, J. 1. Assignments of error which are not referred to in the brief of counsel for the plaintiff in error will be treated as abandoned.

2. The owners of a designated plantation composed of several described tracts of land, desiring to sell such realty, entered into a written contract with Amyett, who was engaged in the business of selling farm lands under the trade name of The Amyett Realty Company. In so far as material to be stated, the contract, after describing the land, contained the following: " Price of tract $15,000.00 net. . . For

a valuable consideration we have this day placed with The Amyett Realty Company of Buena Vista, Georgia, to be sold for our account, the property located as described above, and we hereby agree to sell to The Amyett Realty Company, or assigns, the above-described property at $15,000.00 net. Sale to be closed on or before January 1, 1921." Except as indicated in the foregoing excerpt, the contract was silent as to any compensation or profit to Amyett. After execution of this contract Amyett negotiated sales of all the property to third persons within the stipulated period, and requested the owners to execute the sales with such third persons. The main bulk of the property was sold for $17,000. The owners executed a contract with the purchasers, and the price was distributed in the ratio of $15,000 to the owners and the balance to Amyett. The remaining constituent tract of 60 acres was negotiated to a different purchaser at the price of $1320. Amyett demanded that the owners should convey the land for his benefit. The demand was refused on the ground that under a proper construction of the contract Amyett was merely an agent, and, even if the contract created the separate relations of principal and agent and vendor and purchaser, that Amyett, having elected to sell to others, acted in a fiduciary capacity and was not entitled to any of the proceeds of the sale of the land, except compensation for services in making the sale, which would be reasonable or customary commissions, that is 5 per cent. of the gross amount of the sale. *Held:* Construing the contract between the owners of the land and Amyett in its entirety, separate relations of principal and agent and vendor and purchaser do not arise, but the language imports an offer upon the part of the owners during the specified period to sell all of the land to Amyett or assigns for the price of $15,000. The case differs from *Matheney* v. *Godin,* 130 *Ga.* 713 (61 S. E. 703), which involved a contract that merely listed property for sale.

3. The ruling made in the preceding note disposes of the controlling question in the case. Applying the principle stated, the judge did not err on the trial of the suit of Amyett against the owners of the property for specific performance as to the 60 acres of land, in overruling the general demurrers to the original petition as amended, and in striking so much of the answers as amended as sought to set up matters as indicated above, and in directing a verdict for the plaintiff.

*Judgment affirmed. All of the Justices concur.*

*W. D. Crawford, W. H. Burt,* and *George C. Palmer,* for plaintiffs in error.

*W. B. Short* and *Arnold & Battle,* contra.