## DILLINGER *v.* LEE.

### Opinion delivered April 23, 1923.

1. BROKERS—RIGHT TO COMMISSION.—In the absence of a special contract providing otherwise, an agent employed to sell, or find a purchaser for, land earns his commission and is entitled to recover the same when he procures a purchaser ready, willing and able to buy upon the terms named, and the principal enters into a binding contract with the produced purchaser, or, having an opportunity to do so, declines to accept the purchaser.

2. BROKERS—RIGHT TO COMMISSION.—Where the contract of brokers was, not that they must sell or exchange the land in order to earn a commission, but that they should have a commission for finding a purchaser or bargainer who was ready, able and willing to take the property upon the specified terms, their commission was earned when they produced such purchaser ready, able and willing to take the property as agreed, although no enforceable contract was ever entered into.

3. EVIDENCE—PAROL EVIDENCE OF COLLATERAL WRITING.—The rule prohibiting parol evidence of the contents of a writing does not prevent the introduction, in a suit for a broker's commission, of evidence that the broker's principal had entered into a written contract to sell the land for which the brokers were employed to find a purchaser, such writing being merely collateral to the issue.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Sullins & Ivey,* for appellant.

Court erred in not requiring appellee to make its complaint more specific and set out whether the contract for sale of the lands was oral or written. 112 Ark. 566. The contract entered into with the prospective purchaser was not enforceable. 85 Ark. 1, 107 S. W. 160; 136 Ark.

447.  Court should have directed a verdict for appellant. 89 Ark. 289.

*Lee Seamster* and *W. O. Young,* for appellees.

Appellees not required to have purchaser enter into an enforceable contract to earn their commission, appellant having refused to perform the contract. 145 Ark. 262; 84 Ark. 462; 131 Ark. 576; 149 Ark. 118; 141 Ark. 565. Verdict is sustained by the testimony. 228 S. W. 49.

McCULLOCH, C. J.  Appellees instituted this action against appellant to recover a sum of money alleged to be due for commission on exchange of real estate owned by appellant.  The parties all live in Bentonville, and appellant owns a farm, consisting of a little' over sixty-one acres, situated a few miles distant from Bentonville.  Appellees contend, and alleged in their complaint, that appellant listed the land with them for sale or exchange, and agreed to pay a commission for finding and producing a purchaser, or one who would exchange other property upon terms acceptable to appellant.  They alleged that they found one who would exchange for the property in the person of a Mr. Haskins, who lived in Missouri, and owned a farm near Marysville, Oklahoma; that they brought the parties together, appellant and Haskins, and that they agreed upon terms of exchange of their respective properties, and entered into a written contract with reference thereto, but that appellant refused to carry out the contract, and also refused to pay a commission.  They alleged that, as soon as the contract was entered into between appellant and Haskins, appellant agreed with appellees upon a commission of $400 to be paid to them.

Appellant denied in his answer all the allegations with respect to the listing of the land with appellees for sale or exchange, or with respect to the alleged agreement to pay a commission of $400.

There was a trial of the issues before a jury, and the verdict was in favor of appellees for the amount of commission claimed.

The principal contention here for reversal of the judgment is that the evidence is not sufficient to sustain the verdict, in that it shows beyond dispute that the written agreement between appellant and Haskins did not constitute an enforceable contract. It is not essential to the recovery of commission that there should have have been an enforceable contract, as will be shown later in this opinion.

In testing the legal sufficiency of the evidence to sustain the verdict we must, of course, view it in its light most favorable to appellee. They testified that appellant listed the land with them for sale or exchange, and agreed to pay a commission, and that they produced Mr. Haskins as a prospective bargainer, and showed him appellant's farm, and, after looking over the farm, Haskins entered into negotiations with appellant, and they reached an agreement for exchange, and, after going back to Bentonville, they went to the office of an attorney, Mr. Young, to have a contract drawn up. The contract, which was prepared in accordance with their agreement, recited the terms of the exchange, described each of the properties and the estimated value thereof, and specified when the conveyances would be executed and when possession could be delivered. The contract stated three separate conditions of its enforcement. The first one was that Haskins' farm was represented to contain 250 acres of "smooth prairie," and if, upon investigation, appellant found that it did not contain that quantity, he was not to be bound by the contract. The next was that each party should assume the incumbrances on the farm received in exchange and make arrangements to have the incumbrances on the other property relieved, and if this could not be done the contract should fail. The last condition was that if the improvement on the land should be destroyed the contract should not bind either party, After the preparation of the contract by Mr. Young, Haskins took it into his possession, and went back home with it, and signed it the

next day and returned it. Thereafter appellant refused to sign the contract, and, according to the testimony, made an effort to sell the land to another party or to exchange it.

There is no proof tending to show that the Haskins land does not come up to the representation, but there is evidence to the effect that arrangements were made to pay off the incumbrance on the farms. In other words, the evidence is sufficient to justify a finding that Haskins was ready and willing to comply with the agreement, but that appellant refused to carry it out. Under those circumstances, appellees are entitled to their commission.

The issues were submitted to the jury upon instructions given by the court, which were not objected to, or at least were not referred to in the motion for new trial. Appellant asked for instructions which would have told the jury peremptorily that there was no right of recovery because the contract between appellant and Haskins was not enforceable. The court properly refused to give these instructions, for the reason that they were not applicable to the issues involved in this case.

Appellees alleged, and introduced testimony to prove, that they were to receive a commission upon producing a purchaser ready, willing and able to purchase or exchange for the property of appellant, and that they produced one who was accepted by appellant upon terms to which he agreed. We have stated the law to be that, "in the absence of a special contract providing otherwise, an agent employed to sell or find a purchaser for land earns his commission and is entitled to recover the same when he procures a purchaser ready, willing and able to buy upon the terms named, and the principal enters into a binding contract with the produced purchaser, or, having an opportunity to do so, declines to accept the purchaser." *Reeder* v. *Epps,* 112 Ark. 567; *Moore* v. *Irwin,* 89 Ark. 289; *Wales-Riggs Plantations* v. *Pumphrey,* 141 Ark. 565.

This rule of law would, of course, not be applicable under a different state of facts, but here we have a case supported by evidence that the agreement was to pay a commission upon the production of a purchaser or one who would exchange property upon acceptable terms, and that such a person was produced who was ready, willing and able to exchange on terms satisfactory to the appellant.

Conceding that no enforceable contract was entered into between appellant and Haskins, still this does not affect the right of appellees to a commission, for they had complied with their part of the contract by producing a bargainer ready, willing and able to take the property on terms which were satisfactory to appellant. In other words, appellant's contract with appellees was not that they must sell or exchange the land in order to earn a commission, but that they should have a commission for finding a purchaser or bargainer who was ready, willing and able to take the property on the specific terms.

It is also contended that the court erred in permitting appellees to prove by the witness Vaughan that appellant had entered into an agreement with him (Vaughan) for the exchange of this property. This testimony was competent as tending to show that appellant abandoned the trade with Haskins before time and opportunity had been afforded to comply with the contract. Nor was it error to permit Vaughan to testify without producing his written contract. The writing itself was merely collateral to the issue in the present case, and it was competent to prove by oral testimony the fact that appellant had entered into a contract with Vaughan for the sale of the property. No rule of evidence was violated in permitting this to be proved orally instead of by a production of the written contract.

The conclusion we have reached therefore is that there is no error in the record, and that the evidence is sufficient to sustain the verdict.

Affirmed.