CARNAHAN *v.* LYMAN REAL ESTATE COMPANY.

Opinion delivered February 22, 1926.

1. BROKERS—DUTY TOWARD PRINCIPAL.—It is the duty of a real estate broker or agent to make disclosure of the terms of pending negotiations, so that the seller may act advisedly in determining whether or not a proposal is satisfactory; and, upon a failure to make a correct disclosure of material facts concerning the negotiations, the broker or agent is not entitled to a commission, even though he produced a purchaser, ready, willing and able to purchase.

2. BROKERS—RIGHT TO COMMISSION—JURY QUESTION.—It was error to direct a verdict in favor of a real estate broker for the amount of his commission where there was evidence tending to prove that the broker had falsely represented to his principal that the proposed purchaser had made a cash deposit, when he had deposited a worthless check.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed.

*J. A. Gallaher* and *Roy Gean,* for appellant.

*Jas. Seaborn Holt,* for appellee.

McCULLOCH, C. J.   Appellant is the owner of certain real estate in the city of Fort Smith, and he listed the same with appellee for sale at a specified price. Shortly thereafter, appellee found a prospective purchaser in the person of Albert J. Hess, and secured from Hess a proposition in writing to purchase appellant's property for the sum of $5,500, payable $3,700 in cash, and notes payable in two and four years with interest.   The written proposal also contained a recital that the purchaser "now deposits $250 of the above purchase price with the Lyman Real Estate Company, the seller's agents, to be held by them until sale is completed, or returned if this offer is not accepted, or, if accepted, the seller fails to carry out his part of the conditions of this offer." Appellee's agent, who secured the proposal from Hess, took the paper to appellant, and the latter signed an agreement at the bottom of the proposal accepting the offer and agreeing to convey the premises to the purchaser and pay the broker's commission.   The sale was not consummated, and appel-

lant refused to pay the broker's commission of $275, claimed by appellee, and the latter instituted this action against appellant to recover the amount.

When all of the testimony in the case had been introduced, the court, over appellant's objection, gave a peremptory instruction in favor of appellee, and the court refused to submit the issues on instructions requested by appellant.

It is undisputed that Hess, the purchaser, did not deposit with appellee any sum in money as recited in the contract, but that he did deposit an undated check for $250, payable to appellee, on a local bank, and that Hess never at any time had enough funds to his credit to cover the amount of the draft. On the contrary, when the check was presented, payment was refused for lack of funds. Appellant testified that, when appellee's agent presented the contract to him for signature, the agent told him that Hess had deposited with appellee $250 in money, and appellant also testified that he signed the contract on the faith of that representation. The agent testified in the case, and stated that he did not make any representations to appellant concerning the deposit of cash instead of a check. He testified that nothing was said about the method in which the deposit was made. Appellant also testified that he had a conversation with Hess after the contract was signed, and received information from Hess for the first time that a check and not money had been deposited. He also testified that he offered to make a deed to Hess, but that Hess told him that he did not want to buy the property, and did not have the money to pay for it. We are stating the testimony in its most favorable light to appellant in order to determine whether or not the court was warranted in giving a peremptory instruction. Our conclusion is that the court erred in taking the case from the jury.

This court has declared the law to be that it is the duty of a real estate broker or a seller's agent to make disclosure of the terms of pending negotiations, so that the

seller may act advisedly in determining whether or not the proposal is satisfactory, and that, upon failure to make a correct disclosure of material facts concerning the negotiations, the agent or broker is not entitled to a commission, even though he produced a purchaser ready, willing and able to purchase. *Bennett* v. *Thompson,* 126 Ark. 61; *Davis* v. *Metcalf,* 157 Ark. 232.

In accordance with this salutary principle of law announced in our decisions, there was an issue of fact in the case for the jury to determine. If, as claimed by appellant, he was induced to sign the contract of sale with Hess on the faith of a false statement of appellee's agent to the effect that a cash payment of $250 had been deposited with appellee, when, in truth and in fact, there was no such deposit, but there had been merely the deposit of a valueless check, then appellee did not justly earn a commission on the uncompleted sale, and should not recover.

Appellee says that it was responsible to appellant for the amount of the check, and would have guaranteed payment thereof, but this fact, if true, would not relieve appellee from the effects of the false statement of its agent, for there is a material difference between the deposit of cash and the deposit of a worthless check, even though appellee was financially responsible, and would be willing to guarantee the payment of the check.

Counsel for appellee relies upon our decision in *Moore* v. *Irwin,* 89 Ark. 289, but all that was said in that case was that, when a broker presents to the seller a purchaser ready and willing to purchase, and the seller accepts him as a purchaser, there is no implied contract on the part of the broker to warrant the financial ability of the purchaser. In the opinion in that case the court said:

"Where the broker does not expressly warrant the financial ability of the purchaser procured by him, nor agree to see that the purchase money is paid, and is guilty of no fraud upon his principal, the latter takes the respon-

sibility of accepting the proposed purchaser. If he does so, and enters upon an executory contract for the sale of the land upon his own terms, the broker is entitled to the commissions agreed upon, whether the contract is ever fully executed or not. In the absence of contract it is not the business of the broker to see that the purchase money is paid, or to enforce the contract of sale. That is the business of his principal, the vendor.''

On account of the error in giving the peremptory instruction the judgment is reversed, and the cause is remanded for a new trial.