FIKE *v.* NEWLIN.

5-651                                   282 S. W. 2d 604

Opinion delivered October 10, 1955.

*Rex W. Perkins, Suzanne Lighton* and *E. J. Ball,* for appellant.

*Pearson & Pearson,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellees, Newlin and Black, to obtain compensation for their services in finding a purchaser for a tourist court owned by the appellant and her husband. The principal defense is that the appellees failed to produce a buyer willing to take the property on terms acceptable to the Fikes. The trial court, sitting without a jury, entered judgment for the appellees for $1,500.

In 1953 Mr. and Mrs. Fike listed their property with Newlin and Black, licensed dealers in real estate. Late in July the Fikes were taken by the appellees to Bolivar, Missouri, to inspect a business building that was owned by Eugene and Louella Hinton and that was also listed for sale with Black. At that time Black understood (erroneously, as it turned out) that the Hintons' property was subject to a $12,500 mortgage, payable $1,000 annually, and he so informed the Fikes.

On July 30 Mrs. Fikes signed a form of offer and acceptance by which the Fikes' equity in the tourist court was offered for the Hintons' equity in the Missouri property. Hinton came to Fayetteville on August 1, inspected the tourist court, discussed the proposed trade with the

Fikes, and signed the contract that Mrs. Fike had executed. August 15 was fixed as the date for the exchange of deeds. The parties promptly submitted their respective abstracts of title for examination. There is testimony by the appellees that after the meeting of August 1 the Fikes seemed happy with the deal and, in preparation for a surrender of possession, removed some personal property from the tourist court to their home.

On August 14 Mr. and Mrs. Hinton arrived in Fayetteville with the expectation of completing the exchange of lands on the following day. But when the Hintons, together with Black, called at the tourist court they were informed by Mrs. Fike that she had decided to "back out" of the transaction. The appellees later brought this action for their commission.

It is immaterial that the contract for the exchange of the properties was not signed by Mr. Fike or Mrs. Hinton, as a real estate broker earns his commission by producing a buyer ready, willing, and able to take the property on the terms fixed by the seller. It is not necessary that an enforceable contract be executed. *Dillinger v. Lee,* 158 Ark. 374, 250 S. W. 332; *Boyles v. Knox,* 211 Ark. 426, 200 S. W. 2d 966. The appellant contends, however, that she and her husband were originally given incorrect information about the Hintons' mortgage and did not learn until the abstract was examined that the encumbrance was substantially larger than it had been represented to be. It is argued that the Fikes did not agree to assume the larger indebtedness, and therefore the appellees failed to produce a purchaser willing to take the tourist court on terms acceptable to the sellers.

There is substantial evidence to support the trial court's rejection of this argument. It is true that when Black first showed the Missouri property to the Fikes he was mistaken in saying that the mortgage was for $12,500, payable $1,000 a year. For, unknown to Black, the Hintons had borrowed an additional $2,500, and as refinanced the debt was payable at the rate of $750 every six months. But Black and Hinton testified that the

true terms of the mortgage were explained by Hinton during his discussion with the Fikes on August 1. From this testimony the court may have concluded that the appellant and her husband were fully informed on August 1 and still went ahead with preparations for the completion of the exchange. Pointing to the same conclusion is the fact that, according to the testimony of all five persons who were present when Mrs. Fike backed out of the transaction on August 14, she did not then mention the increased mortgage as her reason for withdrawing.

A secondary contention is that Black forfeited his right to compensation by giving his principals incorrect information about the Hinton mortgage. The cases relied upon, such as *Bennett* v. *Thompson,* 126 Ark. 61, 189 S. W. 363, L.R.A. 1917B, 919, and *Carnahan* v. *Lyman Real Estate Co.,* 170 Ark. 519, 280 S. W. 5, are not in point. They merely state the rule that a broker who practices fraud upon his principal is not entitled to compensation. Here Black's misstatement was apparently made in good faith, and after learning the truth the appellant indicated by her conduct that she was nevertheless willing to go forward with the exchange of lands.

Affirmed.

SEAMSTER, C. J., not participating.