CANUTE *v.* BURNETT.

5-3138                                    373 S. W. 2d 143

Opinion delivered December 16, 1963.

*Eugene Coffelt,* for appellant.

*Little & Enfield,* for appellee.

PAUL WARD, Associate Justice. Appellee, George Burnett, brought suit to collect a commission of $6,500 from appellant, Edward L. Canute. The suit was based on the contention by appellee that he produced a purchaser ready, able, and willing to pay appellant an agreed price for his property. A jury trial resulted in a verdict in favor of appellee in the amount sued for, and appellant here seeks a reversal.

For a reversal, appellant says he relies on four points, but, in his argument, he abandons all points except two — (a) "The demurrer should have been sustained", and (b) "The court should have instructed a verdict for defendant".

The essential allegations of the complaint were, in substance, as follows:

Plaintiff (appellee) was a real estate broker at all pertinent times; the defendant (appellant) owned the Star Motel at Rogers; Gilbert and Virginia Klevgaard owned the Magnolia Inn at Fort Smith; plaintiff, as a licensed real estate agent, worked up an exchange of the two properties on terms contained in a written contract dated March 6, 1961, a copy of which is attached to the complaint and is marked Exhibit "A"; in said contract appellant agreed to pay appellee a commission of $6,500 if he (appellant) should default on the contract; and, later appellant did default on the contract and refuses to pay the specified commission although demand has been made on him.

The essential portions of Exhibit "A" attached to the complaint are set out below:

Edward L. Canute is *first party* and Gilbert Klevgaard is *second party*; each party owns the property previously mentioned; first party and second party agree

to exchange properties on certain specified terms regarding title, exchange of abstracts, taxes, and assumption of certain indebtedness; each party deposited $1,000 as earnest money; and, a commission fee of $6,500 for appellee was agreed on. Also contained in the contract is the following sentence: *"If either party shall default on this Exchange Contract, the defaulting party agrees to pay the agent the full commission of both parties"*. (Emphasis added.)

The above contract was signed by "Edward L. Canute, Party of First part"; by "Virginia Klevgaard, Party of Second part"; "Gilbert Klevgaard, Party of Second part" and by "George Burnett, Agent".

(a) It is first contended by appellant that the complaint failed to state a cause of action because the contract was not enforceable. It was not enforceable, says appellant, because his wife did not sign it. There is no merit in this contention. This is not an action for specific performance to force appellant to convey his motel to Klevgaard but it is an action to compel appellant to pay appellee the commission he would have received had appellant not broken the exchange agreement. That being true no enforceable contract was necessary, and, consequently it is immaterial that appellant's wife did not sign the contract. In *Fike* v. *Newlin*, 225 Ark. 369, 282 S. W. 2d 604, wherein the facts were similar to those of this case, the Court said:

"It is immaterial that the contract for the exchange of the properties was not signed by Mr. Fike or Mrs. Hinton, as a real estate broker earns his commission by producing a buyer ready, willing, and able to take the property on the terms fixed by the seller."

See also: *Boyles* v. *Knox*, 211 Ark. 426, 200 S. W. 2d 966, where we said:

"However, if it be conceded that the agreement . . . was not sufficiently definite in its terms to sustain an action for specific performance, this would not preclude appellee from recovering a commission, if he, in fact, produced a buyer who was ready, willing and able to

take the property on terms which were satisfactory to appellants at the time the agreement was made.''

We do not agree with the argument that appellee could not collect a commission because there was no contractual privity between him and appellant. The case of *Acme Brick Company* v. *Hamilton,* 218 Ark. 742, 238 S. W. 2d 658, is relied on by appellant. However, the material facts in that case are not the same as in the case under consideration. Here, privity is clearly shown by the following: both parties signed the contract, and appellant agreed to pay appellee upon default.

(b) It is here contended the court should have directed a verdict at the close of the testimony because appellee admitted he knew the contract was not to be complete or binding unless and until appellant's wife signed it. In support appellant quotes appellee's testimony as follows:

''Mr. Canute advised me that he was not going through with the deal because Mrs. Canute would not sign the *contract.* . . .'' (Emphasis added.)

The record, however, reflects that appellee used the word ''deed'' instead of the word *contract* in the above quotation. We find nothing in the record which indicates appellant's signature on the contract was not to be binding on him unless his wife signed it.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.

Robinson, J., not participating.